GEORGE WINKLER

*v.*

CHRISTIAN WINKLER *et al.*

1. DISMISSING A BILL IN CHANCERY *on the hearing, without proof.* Where a cause in chancery is, by consent, submitted for a hearing upon the pleadings merely—the bill, answer and replication—without proofs, and it appears on the face of the bill that there is no equity in it, and no sufficient grounds disclosed in it why a court of equity should interfere, the bill will be dismissed.

2. JURISDICTION IN CHANCERY—*remedy at law.* A party can have no footing in a court of equity when he has an adequate remedy at law.

3. SAME—*remedy against the acts of commissioners of highways on a petition for a private way.* The remedy of an owner of land against the acts of commissioners of highways, on considering a petition for a private way over the same, and allowing the application without the requisite notice, or where the proceedings are otherwise illegal, is complete at law by an appeal to three supervisors of different townships, and from their decision to the Circuit Court.

4. SAME—*when injunction not allowable.* The simple act of presenting a petition to the commissioners of highways for a private road, and an expressed determination on their part to act upon it and grant it, by ordering a survey of the road, afford no ground for an application to a court of chancery to restrain the one or the other. If the commissioners allow the petition, then there is a remedy at law by appeal.

5. SAME—*want of jurisdiction, ground of demurrer to the bill.* When it is disclosed on the face of the bill that a court of chancery has no jurisdiction because the party has an adequate remedy at law, the bill is obnoxious to a demurrer for want of equity, and it would be so adjudged on error or appeal.

6. ASSESSING DAMAGES *on dissolution of injunction*—*suggestions in writing essential.* A court of chancery cannot properly assess damages upon the dissolution of an injunction under the act of 1861 without suggestions in writing being first filed, setting forth the nature and amount of the damages claimed.

| 40 | 179 |
| 26a | 605 |
| 40 | 179 |
| 124 | 521 |
| 40 | 179 |
| 52a | 462 |
| 40 | 179 |
| 58a | 283 |
| 40 | 179 |
| 68a | 255 |
| 40 | 179 |
| 75a | 464 |
| 40 | 179 |
| 179 | 232 |
| 40 | 179 |
| 86a | 363 |
| 40 | 179 |
| 192 | 208 |
| 40 | 179 |
| 114a | 15 |

7. The suggestions in writing required by that act, in such case, were designed to take the place of a declaration on the bond, and should be so framed as to give the opposite party information of the nature and amount of the damages claimed, so that he may be prepared to resist the claim.

8. Filing the suggestions after the damages are assessed will not cure the error; they must be filed before any action can be taken in that regard.

Writ of Error to the Circuit Court of Woodford county; the Hon. Samuel L. Richmond, Judge, presiding.

The case is stated in the opinion of the court.

Messrs. Clark & Christian, for the plaintiff in error.

Messrs. Ingersoll & Puterbaugh and Messrs. Cassels & Harper, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill in chancery in the Woodford Circuit Court, exhibited by George Winkler against Christian Winkler, and the commissioners of highways of the town of Worth, in that county, to enjoin certain proceedings commenced by Christian Winkler before those commissioners, having for their object the appropriation of a portion of complainant's land without his consent, to the purposes of a private way.

The bill of complaint alleged that Christian Winkler had presented a petition for this road, that the other defendants, the commissioners of highways, had received the petition and were threatening to act on it, and that they would cause a survey across the land for the road to be made without giving the notice required by law, and prayed, that the commissioners be enjoined from laying out the road, and from ordering the same to be opened, and from going upon the land for such purpose, and that Christain Winkler be perpetually enjoined from presenting to the commissioners any petition for a private road across the land of complainant, or from coming upon the land to take possession of any road that has been, or may be laid over it as a private road, until he shall first pay to complainant the full value of all the land that shall be taken for the road,

and the full value of each rod of fencing, complainant may have to build to open the road, and the amount necessary to keep the fences in repair, while the road is used as a private road; and for general relief.

The bill also prayed for the answers from the defendants, not under oath, and it was filed February 16, 1865.

A writ of injunction was duly issued and subpœna duly served on all the defendants.

At the March Special Term, 1865, the defendants filed a joint and several answer admitting the possession by complainant of the land described in his bill, and admitting that Christian Winkler, on the 9th of February, 1865, presented to his co-defendants, as commissioners of highways in the town of Worth, his petition, for the purpose of obtaining from them an order to lay out a private road across complainant's land, that they received the petition, and were proceeding to act on it, when they were enjoined. Christian Winkler, answering for himself, states, that he sold the land occupied by complainant, described in his bill of complaint, and through which this defendant desired a road, with the understanding and agreement, at the time of the sale, that he should have this road for which he had petitioned, and that he had made two applications heretofore to the proper authorities, for an order for the road, both of which were defeated, the one because the notice was insufficient, and the other because the survey was incorrect. All the defendants deny all charges of oppression or desire to harass complainant by the application, and Christian Winkler denies that he can get to the public road conveniently, without passing over this land of complainant.

The answer was put in under oath, although the oath was expressly waived by the bill of complaint.

At the April Term, 1865, a replication to the answer was duly filed, and, at the same term, a motion was entered by the defendants to dissolve the injunction. This motion was continued, at the instance of complainant, and at his costs, to the August Term, 1865.

At that term the cause was submitted for hearing, by consent,

on the bill, answer and replication; and, thereupon, on reading the bill and answer, it was ordered and adjudged by the court that the bill be dismissed, and, on motion of the defendants, the court proceeded to assess the damages for wrongfully suing out the injunction, and assessed those damages at seventy-five dollars, and entered a decree against complainant for the same and costs, and ordered that an execution issue.

A motion to set aside the assessment was overruled.

The bill of exceptions states that the cause came on to be heard on the bill, answer and replication, and the proof in the cause, and that, on reading the bill and answer, the court dismissed the bill without hearing any proof in the cause, and the complainant excepted; and, thereupon, the attorney for defendants produced to the court the injunction bond filed in the cause, and asked the court to assess the damages upon the same, and offered A. E. Stevenson, an attorney of the court, as a witness, and, placing in his hands the bill, and the answer, and the deposition taken in the cause on the part of the defendants, asked him what it would be worth to take depositions three days, and file an answer to the bill, and defend the suit at two terms of the court; and, on his stating that it would be worth seventy-five dollars, the court assessed that amount as damages, and entered a decree as above stated. The complainant objected to the assessment, on the ground that defendants had not filed suggestions as required by the act of February 25, 1861, whereupon the court, against the objection of complainant, allowed the defendants to file suggestions.

The cause is brought here by complainant, by writ of error, and the following errors are assigned:

The court erred in dismissing the bill without hearing the proof in the cause; in assessing damages for defendants, and hearing proof of the same, before suggestions in writing were filed, and in decreeing for defendants.

As to the first error assigned, the record shows the cause was heard, by consent, on the bill, answer and replication, and they were, therefore, all the matters before the court for its adjudication. It is settled doctrine, when cases in chancery are in

this position, that, if it appears on the face of the bill there is no equity in it, and no sufficient grounds disclosed in it why a court of equity should interfere, the bill will be dismissed. *Reece* v. *Darby*, 4 Scam. 159; *Edwards* v. *Beaird*, Breese, 70.

In this case, although the record states the proceedings of the court on a motion to suppress a portion of the deposition of Joseph J. Perry, the record does not contain any such deposition, nor any proofs in the cause, other than that produced on the inquiry of damages. There was no proof offered on the hearing of any kind. There was nothing before the court for its adjudication, but the bill, answer and replication.

That this bill contains no equity and discloses no ground for the interposition of a court of equity, is apparent. The remedy of complainant against the acts of the commissioners of highways, on considering the petition of Christian Winkler, and allowing the same, was complete at law, by an appeal to three supervisors of different townships, and from their decision to the Circuit Court. The simple act of presenting a petition to the commissioners of highways for a private road, and an expressed determination on their part to act upon it and grant it, by ordering a survey of the road, afford no ground for an application to a court of chancery to restrain the one or the other. If the commissioners allow the petition contrary to law, the remedy is ample at law by appeal, so that the court was entirely justifiable, on the hearing, in dismissing the bill. It was obnoxious to a demurrer for want of equity, and it would be so adjudged on error or appeal.

To show the complainant had an adequate remedy at law against the decision of the commissioners, had they granted the petition and caused a survey of the road to be made without legal notice, it is only necessary to refer to a few sections of the township organization law. Section twenty-seven provides that any person liable to be assessed for road labor, may apply to the commissioners of highways to lay out a private road, and the commissioners shall proceed to examine into the merits of such application, and be governed in their proceedings by the rules and regulations prescribed in this act in rela-

tion to public roads; the damages assessed in consequence of the laying out of the private road shall be paid by the person applying for the same. Scates' Comp. 357.

Section one of the act of 1857, provides that commissioners of highways, before determining to lay out a new road, shall fix upon a time and place, when and where, they will hear reasons that may be offered for and against laying it out, and they shall cause written notices to be posted up in three of the most public places in the town, at least eight days previous to the time of meeting. Id. 366. Section nine provides the manner in which an appeal may be taken to three supervisors. Id. 368. Section eleven provides that the same rule shall govern in assessing damages that is provided in section six of article twenty-four of the act to which this is an amendment, for the government of commissioners of highways in such cases, and when supervisors lay out a road, on appeal from the commissioners of highways, the supervisors are required to proceed and assess the damages in the same manner as in case of commissioners of highways in laying out roads. Id. 369.

If, then, commissioners of highways proceed to lay out a road, without giving the requisite notice, or otherwise proceed illegally, the remedy is by appeal to three supervisors. That is the remedy, and it is adequate and complete, a further appeal to the Circuit Court being also allowed.

Having this footing in a court of law he can have none in a court of equity. *Coughran* v. *Swift*, 18 Ill. 414; *City of Peoria* v. *Kidder*, 26 id. 352; *Bigelow* v. *Andress*, 31 id. 330; *Chittenden et al.* v. *Rogers et al.*, decided at this term. There was, then, no error in dismissing the bill on the hearing.

As to the fifth point made, that the court assessed damages on the injunction bond without suggestions in writing being filed by defendants, we are of opinion, this point is well made and must reverse this judgment. The act of February 21, 1861, provides that in all cases where an injunction is dissolved, the court, after dissolving the injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting in writing the nature and amount

thereof, shall hear evidence and assess such damages as the nature of the case may require and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same. Sess. Laws 1861, p. 133.

It is manifest, these suggestions in writing were designed to take the place of a declaration on the bond, and should be so framed as to give the opposite party information of the nature and amount of the damages claimed, so that he might be prepared to resist the claim. A party is not permitted in any court where pleadings in writing are required, to present to the court his note or bond and demand judgment for the amount. He must place his claim properly before the court, by his declaration, which is nothing more than a suggestion in writing, by which the opposite party is advised of the nature and amount of the claim, and opportunity is afforded him to defend against it.

Filing suggestions, after the damages were assessed, did not cure the error. The complainant was not informed in time, of the nature of the claim, and had no opportunity to resist it. It is contrary to the first principles of justice, to adjudge damages against a party, without first setting forth the nature and amount of the claim against him. For this error the decree must be reversed.

But we will state in conclusion, that in two cases, the one *Crear* v. *Crossly*, *ante*, p. 175, and the other *Nesbitt* v. *Trumbo*, 39 Ill. 110, this court *held*, that the act of the legislature authorizing land to be taken for a private way, was not warranted by the Constitution of the State.

*Decree reversed.*