LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY CO. *et al.*

*v.*

THE CHICAGO AND WESTERN INDIANA RAILROAD CO.

*Ottawa, September Term, 1880.*

1. RIGHT OF WAY—*defence in proceeding for condemnation.*  In a proceeding in the county court for condemnation for a right of way for a railroad across the right of way and railroad track of another company, questions as to the sufficiency of a city ordinance in respect to the right of the company seeking the condemnation, and as to the right of such company, under the constitution and the Eminent Domain act, to cross the track of another company, and as to injury to the franchise of the company whose road is sought to be crossed, and as to the proposed crossing being a continuing nuisance resulting to the last named company from the operation of the new road, are all of a character, if available at all to the party relying upon them, such as may be interposed as a defence at law in the condemnation proceeding.

2. STAY OF PROCEEDINGS—*defence at law.*   On error in this court to review a decree dissolving an injunction and dismissing the bill under which it was sought to restrain a railroad company from further prosecution of proceedings then pending in the county court for condemnation of ground for right of way, on motion that the writ of error be made to operate as a *supersedeas* and that an order be entered staying the condemnation proceedings until the determination of the cause on error, it was *held*, that, apart from any question as to the authority of this court to order a stay of the proceedings, it would not exercise such a jurisdiction where the grounds of the motion were of such character as might be interposed as a defence at law in the proceeding sought to be stayed.

WRIT OF ERROR to the Superior Court of Cook county.

The Chicago and Western Indiana Railroad Company instituted proceedings in the county court of Cook county for the condemnation of a right of way across the right of way and railroad track of the Lake Shore and Michigan Southern Railway Company, and also across the right of way and railway track of the Chicago, Rock Island and Pacific Railroad Company, in the city of Chicago.

Pending these proceedings, these two latter companies exhibited their bill in chancery in the Superior Court of Cook county, asking an injunction against the former company, restraining it from further action in the condemnation proceeding in the county court. An interlocutory injunction was allowed, which, upon hearing, was dissolved, and the bill dismissed. Thereupon the complainants sued out this writ of error, and now move the court that the writ of error be made to operate as a *supersedeas,* and that the defendant in error be ordered to stay all proceedings in its condemnation suit in the county court until the determination of this cause in this court.

Mr. Thomas F. Withrow, Mr. C. D. Roys, Mr. J. L. High, and Mr. G. W. Kretzinger, for the motion, contended that the record discloses a clear case of irreparable injury which will be sustained by plaintiffs in error, unless the condemnation proceedings are stayed until the determination of this cause in this court.

Counsel referred to the case of *Dunbar* v. *The Chicago and Western Indiana Railroad Co.* 95 Ill. 571, as settling only one of the several questions presented in this cause viz: the effect of the ordinance of the city of Chicago granting permission to defendant in error to enter the city. Counsel said: That case was one for the condemnation of private property for railroad purposes. In this case, it is sought to condemn a crossing or intersection of railroad property for no higher use or purpose. In addition to the question of the effect of the ordinance, it was insisted that

defendant in error should not be allowed to condemn the proposed crossing, because:

1.   The constitution limits the exercise of the right of eminent domain, and has not extended it to authorize the proposed condemnation.

2.   The property of one corporation can not be subjected, by the exercise of the right of eminent domain, to a use in behalf of another corporation of no higher nature than that to which it was originally subjected.

3.   The General Assembly has provided neither tribunal, method nor procedure for determining the point and manner of, or the compensation for the crossing of one railroad for another in the event of a disagreement between the two roads, the Eminent Domain act having no application to such case.

4.   The injury to the franchises of plaintiffs in error which would result from the proposed crossing.

5.   The continuing nuisance which would result to plaintiffs in error from the proposed crossing and from the operation of the new road by three other lines of railroad, as proposed.

In support of the jurisdiction of this court to order the stay of proceedings, counsel cite Rev. Stat. 1874, ch. 37, sec. 7; *Huguenin* v. *Bassley,* 15 Ves. 180; *Chegary* v. *Scofield,* 1 Halst. Ch. 525; *Doughty* v. *Somerville and E. R. Co.* 3 Halst. Ch. 629; *Insurance Co.* v. *Ward,* 20 Wend. 588; Eden on Injunc. 374–5.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, *contra,* contended that the motion for a stay order is simply a motion for an original injunction in this cause, which this court has no authority to grant, citing Rev. Stat. 1874, ch. 69, sec 1, as indicating the only method of continuing an injunction which has been once dissolved by the inferior court.

Counsel referred to Rev. Stat. ch. 37, sec. 7, cited by plaintiffs in error, and insisted that section refers solely to

final process in cases which have been determined by the Supreme Court.

Moreover, it was contended that the alleged grounds for this motion are available as a defence to the proceeding in the county court and should there be interposed. Being available as a defence at law, the court will not enjoin the proceedings,—citing *New York, etc.* v. *American,* 11 Paige, 384; *Beauchamp* v. *Putnam,* 34 Ill. 378; *Smith* v. *Short,* 11 Iowa, 523; *Powell* v. *Chamberlain,* 22 Geo. 123; *Gibson* v. *Moore,* 22 Texas, 611.

In support of the proposition that the defence can be made in the condemnation suit, the case of *P., P. and J. R. R. Co.* v. *P. and S. R. R. Co.* 66 Ill. 174, was cited

WALKER, J.: So far as we can gather from the suggestions made in support of this motion, the grounds alleged, if available at all to the party relying upon them, appear to be of a character such as may be interposed as a defence at law in the condemnation proceedings now pending in the county court, so that, even conceding that this court has the power to order a stay of those proceedings, it would not be an appropriate exercise of such a jurisdiction. The defence being of a character which may be made at law, there is no reason for ordering a stay of proceedings in the court in which it may be interposed.

Should the defence not be allowed in the county court, the railroad companies have their remedy by appeal to the proper tribunal, where the case may be reviewed.

*Motion denied.*