John S. Dickerson

v.

Comm'rs of Highways, etc.

</div>

Road law—Injunction.—Where a petition was presented to highway commissioners, predecessors of appellees, for a new road, and they decided to grant the prayer of the petition, and complainant's damages were assessed at $76, the other owners releasing their claims, and the verdict was entered upon the justice's docket and no appeal was taken, but the commissioners, learning that the parties relied on declined to pay the damages, refused to proceed further except to file all the papers in the town clerk's office; and subsequently a second petition was presented to appellees for a road, identical with the other, and they decided to grant the prayer of the petition, and presented their certificate that they were about to establish the road therein described, to a justice of the peace who issued a summons to complainant to appear before him to prove damages, etc; complainant thereupon filed a bill

to perpetually enjoin appellees from taking other or further steps to open or lay out the road. *Held,* that this is no case for an interposition of a court of chancery.

Appeal from the Circuit Court of Sangamon county ; the Hon. Wm. L. Gross, Judge, presiding.   Opinion filed December 4, 1885.

Messrs. Patton & Hamilton, for appellant.

Messrs. Palmers, Robinson & Shutt, for appellees.

Pleasants, J.   Appellant filed the bill herein on May 12, 1884, to perpetually enjoin appellees from taking other or further steps to open or lay out a public road three quarters of a mile in length as therein described, which would pass over his land in the town of Rochester.   A preliminary injunction was granted thereon, but upon final hearing was dissolved and the bill dismissed.

The facts are undisputed.   On the 27th day of September, 1883, a petition was presented to the commissioners, predecessors of appellees, for a road identical with the one in question, for a quarter of a mile, and including one half of it for the residue of its length.   With the understanding that the damages to land owners by reason of the laying out of said road would be paid by the petitioners, or some of them, they decided to grant the prayer of said petition.   Complainant's damages were assessed by a jury at $76, the other owners releasing their claims, and the verdict was entered upon the justice's docket.   All of these proceedings were in full and strict compliance with the statute and no appeal was taken, but the commissioners, learning that the parties relied on declined to pay these damages, declined to proceed further on their part, except to file all the papers in the town clerk's office.   No survey or plat was made, nor meeting held to finally determine upon laying out the road, nor order in writing made either declaring it a public highway or revoking the proceedings had upon the petition.

On April 4, 1884, petition was presented to appellees, as

commissioners for the road here sought to be enjoined. On the 26th of the same month they decided to grant the prayer of this petition and afterward presented their certificate that they were about to establish the road therein described, to a justice of the peace, who issued a summons to appellant to appear before him on the 17th day of May, to prove to a jury such damages as he would sustain by the laying out of said road, and thereupon appellant filed this bill. By the road law of 1883 it is provided as follows: Section 47. "Within ten days after the total amount of damages shall have been ascertained, either by release or agreement of the parties, or by assessment before a justice of the peace and a jury, in the manner hereinbefore provided, the commissioners shall hold a meeting to finally determine upon the laying out * * * of such road, of which meeting said commissioners shall give public notice by causing not less than three notices thereof to be posted in public places within the town, at least five days prior thereto."

Section 48. "In cases where the damages are not wholly released or agreed upon, and the commissioners, in case no appeal has been taken, and the supervisors hearing the appeal in case an appeal is taken, shall be of the opinion that the damages assessed by the jury are manifestly too high, and that the payment of the same would be an unreasonable burden upon the taxpayers of the town, the commissioners, or the supervisors who heard the appeal, as the case may be, may revoke all proceedings upon the petition by a written order to that effect, and such revocation shall have the effect to annul all such proceedings and assessments, releases, and agreements in respect to damages growing out of the proceedings upon the petition. Provided, upon the final determination of the commissioners of highways, or the supervisors, upon appeal being determined, and a copy of all such proceedings being filed in the town clerk's office, no other proceedings shall be had by the commissioners of highways, nor any petition entertained in regard to the same road or petition for two years, from the date of filing such copies of proceedings. And after two trials, as aforesaid, if the decision be the same, no other

petition shall be entertained for the same until the expiration of three years from the filing of the last proceedings."

Section 49. "In case the commissioners shall not revoke such prior proceedings, they shall make an order to be signed by them, declaring such road so &ast; &ast; &ast; laid out a public highway, and which order shall contain, or have annexed thereto, a definite description of the line of such road, together with the plat thereof. The commissioners shall, within five days from the date of such order, cause the same, together with the report of the surveyor, the petition &ast; &ast; &ast; to be deposited and filed in the office of the town clerk, who shall note upon such order the date of such filing. It shall be the duty of such clerk, after the time for appeal to supervisors has expired, and in the case of appeal, after the same shall have been determined, in case the prayer of the petition is granted, to record such order, together with the plat of the surveyor, in a proper book to be kept for that purpose."

Section 59. "Any person or persons interested in the decision of the commissioners, in determining to or in refusing to lay out &ast; &ast; &ast; any road, or in the verdict of any jury in assessing damages &ast; &ast; &ast; may appeal from such decision to three supervisors of the county &ast; &ast; &ast; within ten days after such decision has been filed in the office of the town clerk, by filing a written petition with some justice of the peace of the county, asking for an appeal, and stating on what ground such appeal is taken."

There is no doubt that when the verdict for the amount of appellant's damages was entered upon the justice's docket and the claims of all the other land owners were released, the proceedings under the first petition had regularly reached the stage at which the commissioners might have held the meeting pre_ scribed by said section 47, and taken the action indicated in section 48 or in section 49, as in their judgment seemed best; and appellant's contention is, that those proceedings constituted a bar, under the provision in § 48, to any action in pur_ suance of the second petition. He insists that they could not be abandoned at that stage without his consent; that the com_ missioners having thus obtained jurisdiction of the subject-mat-

ter, and his person, were bound by the statute to go on to a final determination, by formally " declaring the road a public highway," or " revoking all proceedings upon the petition;" that their failure to take such formal final action could not divest them of jurisdiction upon that petition; that such failure was in legal effect a revocation, though informal; that section 48, limiting the time and prescribing the mode of revocation, is directory merely, and was enacted for the benefit of the land owner, who therefore may waive or take advantage of the informality as he may see fit, but that the commissioners can not plead their own neglect of duty in bar of relief to which complainant would have been entitled if they had performed it. He insists that any other construction of the statute would enable them to harass and oppress the land owner by proceeding again immediately upon the assessment of his damages, on a new petition to take his land, from time to time, until he should yield to their terms.

If the soundness of this view of the statute be conceded, do the facts make a case for equitable cognizance? What feature of it brings it within the jurisdiction of chancery?

Appellees are public officers whose functions with reference to the establishment of public highways are in part *quasi* judicial. Their general power and jurisdiction in this case are conceded. They were proceeding regularly under the statute. It is not charged that they have willfully or knowingly neglected any duty devolved by law upon them, or that they threaten or intend to do so. The fact that their predecessors abandoned or attempted to abandon the proceeding upon a former petition after the assessment of appellant's damages and declined to take final formal action because the understanding as to the payment of the damages upon which they finally decided to grant the prayer of that petition was not carried out, or for any other reason, or with whatever intent, would afford no presumption that appellees if unrestrained would have pursued a like course in the case of the second petition in which there was no such understanding. It is not averred or shown that appellees had any knowledge of such action by their predecessor. For aught that appears or is

averred they would have pursued in all respects and particulars the course prescribed by the statute, and so have. taken appellant's land only for public use upon just compensation, which negatives the possibility of irreparable injury. Nor would it have afforded any reasonable pretext for a multiplicity of suits.

The case against appellees is simply that they were proceeding and intending to proceed in the exercise of a power con. fessedly theirs, unless its exercise was legally suspended for a limited period by what their predecessors had done upon the first petition, and which appellant claims was so suspended. If so, of course he was not bound to submit to their action, however liberal his allowance for damages, and should have some remedy. But he had notice of the time and place fixed upon by appellees for hearing reasons for and against the laying out of the proposed road, and then also knew the facts by virtue of which he claims their power to entertain the petition was suspended.

What then prevented him from presenting these facts to the commissioners, taking an appeal and getting the proof into the record for review if necessary, upon a *certiorari?* And why may not this yet be done at the meeting to be held after the assessment of damages, pursuant to section 47 ?

We are inclined to think there was and is a remedy at law as adequate and ample as can be afforded by injunction or any other means within the powers of a court of equity. None such was available in the case of Green v. Green, 34 Ill. 320, to which we are referred. There the road had been laid out, perhaps without objection or any reason for objecting, but it had not been opened nor attempted to be opened until just before the expiration of the five years and when it was impossible to complete it in time to save the road. In that condition of things the opening of the portion on complainant's land as threatened would have been useless to the public and wantonly injurious to him, and yet being purely a ministerial act and done in pursuance of an order that was proper when made, could not be reviewed on appeal, by *certiorari* or other proceeding at law. The case of Winkler v. Winkler, 40 Ill.

179, seems more pertinent. The intervention of equity was there held improper, not, as counsel suggest, because "the bill stated no ground" for it, nor "any reason why the commissioners should not act upon the petition," but because, as the court said, "if they allow the petition contrary to law the remedy is ample at law, by appeal, so that the court was entirely justifiable, on the hearing, in dismissing the bill."

Affirming this decree for the same reason, it is unnecessary to consider the other questions argued by counsel, but we are not to be understood as conceding the soundness of appellant's view of section 47 of the Road Law.

<div align="right">Decree affirmed.</div>