THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 31, 1891.*

1. EMINENT DOMAIN—*grant strictly construed.* The taking of property under the right of eminent domain is in derogation of individual right, and therefore the grant is to be strictly construed. The grant of power must be express, or arise by necessary implication from the language of the grant.

2. SAME—*condemnation of property of railroads and other corporations.* The power of the legislature, as the representative of the people, to authorize the taking of the property of railroads and other corporations, when required for the public use, upon making just compensation, can not be questioned, and has been repeatedly sanctioned by this court.

3. The condemnation of land for a public street, which is held by a railway company as a right of way, should be subject to the joint use by the railroad in the exercise of its franchise, and by the public as a street. These rights to its use and occupancy co-exist in the city condemning, and the railway company.

4. SAME—*condemnation of railroad right of way—joint use by city and railroad company.* The city, by the condemnation of a railroad right of way for the extension of a street, acquires the right to open the street over and across the railroad and its right of way, and thereafter to maintain and keep the same in repair, subject only to its joint use by the railway company, while the latter retains the right to use and occupy the same for the legitimate and reasonable management and operation of its railroad and transaction of its business, subject to all lawful rules and regulations applicable to public crossings.

5. A city, by the condemnation of a railroad right of way for a street, acquires only an easement. By clause 89 of section 1, article 9, of the statute relating to cities and villages, no power is granted to the city to acquire the exclusive control or the exclusive right of occupancy of that part of the company's tracks and right of way across the street which is sought to be opened or extended. In such case, neither will have the right of occupancy to the exclusion of the other, but each subordinate to the right of the other for the separate use contemplated.

6. SAME—*form of petition against railroad property—power of court.* The statute prescribes no different proceeding where a city seeks to condemn land under its general power to lay out, open and widen

Syllabus.

streets, etc., and where the condemnation is sought of the lands, right of way or railway track of a railroad company. The mode of procedure in the condemnation authorized by the 89th clause, as under the general power to open streets, is prescribed in article 9, chapter 24, of the Revised Statutes. Although the ordinance and petition for the condemnation of land for a street may not seek for the condemnation of a joint use of a railroad right of way, but for the condemnation of the land itself, this will not prevent the court from condemning for a joint use of the railroad right of way. It is not required that the particular interest or right sought to be acquired under the condemnation proceedings shall be set forth, either in the ordinance or petition.

7. The court in which a condemnation proceeding is brought by a village or city for the purpose of extending a street, has ample power and authority to determine the sufficiency of the ordinance and the petition to authorize the condemnation. If the city or village is exceeding its powers by attempting to appropriate railroad property to its exclusive use, the court, upon motion, may dismiss the petition.

8. CHANCERY JURISDICTION—*bill to restrain condemnation proceedings.* A bill in chancery by a railway company to restrain a village or city from proceeding to condemn the right of way of the former for a public street, which fails to show that the city is seeking to take possession of the land sought for the street, and does not seek to enjoin the city from any act or acts having for their object the taking of possession of the right of way without making compensation, or of interfering with the company in its enjoyment prior to the ascertainment and payment thereof, is bad on demurrer. So where all the matters complained of, if available at all, are of such a character as may be interposed in the condemnation proceeding, the bill may be properly dismissed for want of jurisdiction.

9. A court of equity has no jurisdiction to restrain the exercise of the right of eminent domain, unless there is an abuse of the power conferred by law, or there is an attempt to take and appropriate property without authority of law, or in a manner and to an extent not authorized by law.

10. SAME—*irreparable injury—how alleged.* It is not sufficient to give a court of equity jurisdiction to enjoin a proceeding at law, to allege generally in the bill that there will be irreparable injury, but the bill must set out such facts as will show such injury.

11. STATUTES—*how construed.* It is a familiar rule that statutes should be so construed that effect may be given to all of their provisions, so that no part will be inoperative or superfluous.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. E. R. Woodle, for the appellant:

An ordinance condemning, in terms, part of the right of way of a railway company that is owned by it in fee, in legal effect condemns the land itself, as well as the exclusive use of it. Neither the fee nor the right of the exclusive occupancy of land applied by a railway company to public uses as a part of the right of way, so called, of its railway, is the subject of condemnation by a village or city incorporated under the general laws, for the purpose of extending a street. No such power has been granted by the statute. Rev. Stat. 1085, chap. 24, sec. 63, clause 89.

The power of the village or city is limited to the right, by condemnation or otherwise, to extend the street over or across any railroad track, right of way or land of any railroad company. Ibid.

When the legislature defines the interest which should be taken or acquired by condemnation, an interest different from that specified can not be taken. *DeCamp* v. *Railway Co.* 47 N. J. L. 43; 47 id. 518; *Roanoke City* v. *Berkowitts*, 80 Va. 616; *Currier* v. *Railroad Co.* 11 Ohio St. 228; *Pinchin* v. *Railway Co.* 24 L. J. 417.

The right to condemn land already applied to a public use must either be expressly granted by the legislature, or must arise by necessary implication from the language of the statute. *Horse Ry. Co.* v. *Railway Co.* 81 Ill. 523; *Railroad Co.* v. *Railroad Co.* 122 id. 473.

The right of eminent domain is in derogation of common right, and will be construed strictly. *Reed* v. *Railway Co.* 126 Ill. 48.

Injunction is a proper remedy in this case. An unauthorized exercise of the right of eminent domain to condemn land already applied to a specific public use should be enjoined. *Horse Ry. Co.* v. *Railway Co.* 81 Ill. 523; 1 Lewis on Eminent Domain, sec. 643; *Railway Co.* v. *Faribault*, 23 Minn. 167; *Union Depot Co.* v. *St. Paul*, 30 id. 359; *Railroad Co.* v. *Rail-*

*road Co.* 118 Mass. 391; 1 High on Injunctions, (3d ed.) sec. 597; *Railroad Co.* v. *Brownell,* 24 N. Y. 345; *Railroad Co.* v. *Artcher,* 6 Paige, 87; *Champion* v. *Sessions,* 1 Nev. 478.

Mr. Jonas Hutchinson, and Mr. Morris St. P. Thomas, for the appellee:

A court of equity has no jurisdiction to grant the relief asked, because appellant has an adequate legal remedy in the condemnation proceedings sought to be enjoined. If appellee was exceeding its powers by attempting to appropriate appellant's property to the extent and in the manner set out in the petition for condemnation, the court in which that proceeding was pending had power to dismiss the petition, on motion, and could thereby afford appellant adequate relief. *Railway Co.* v. *Railroad Co.* 112 Ill. 589; *Railroad Co.* v. *Railroad Co.* 122 id. 473.

A bill in equity will not lie to enjoin proceedings for condemnation, for the reason that the mere taking of such proceedings does no injury to property, and for the further reason that the grounds relied upon for an injunction may be urged in defense of the proceedings. Lewis on Eminent Domain, sec. 646; 2 Dillon on Mun. Corp. (3d ed.) sec. 611; *Winkler* v. *Winkler,* 40 Ill. 179; *Dickerson* v. *Comrs. of Highways,* 18 Ill. App. 88; *Railway Co.* v. *Railroad Co.* 96 Ill. 125.

It is claimed that the relief asked for should have been granted, because otherwise irreparable injury would result to appellant. True, the bill contained an allegation of threatened irreparable injury; but that is a mere conclusion, and it was the duty of appellant to show by facts that the damages would be irreparable. 1 High on Injunctions, 34.

Mr. Justice Shope delivered the opinion of the Court:

On the 27th of December, 1888, the president and trustees of the village of Hyde Park, a municipal corporation then existing, organized under the general City and Village act,

adopted an ordinance for the opening and extension of Sixty-fourth street in the village, from the west line of Stony Island avenue to Woodlawn avenue, "and for such purposes the following described property be condemned and appropriated, to-wit: That part of the right of way of the Illinois Central Railroad Company lying between the north and south lines of Sixty-fourth street extended west across said right of way from the west line of Stony Island avenue, a uniform width of sixty-six feet, to the west line of said right of way of said Illinois Central Railroad Company." The second section provided for the cost and expense of the improvement, and the third directed the president to file a petition in the Superior Court of Cook county, etc. In pursuance, a petition was filed in said court April 9, 1889, setting forth the ordinance, a particular description of the property as in the ordinance, the name of the owner, the Illinois Central Railroad Company, and praying that so much of the land described as might be necessary for the purposes specified in the ordinance be condemned, and that just compensation be ascertained by a jury in the manner provided by law, etc. Subsequently, the village of Hyde Park was annexed to the city of Chicago, (likewise a corporation existing under the general law for the incorporation of cities and villages,) which last municipality was proceeding, under said petition, to condemn said right of way for the opening and extension of said street. June 20, 1890, before any hearing on said petition, the Illinois Central Railroad Company, sole defendant in said proceeding, filed its bill in equity in the same court, seeking to enjoin the condemnation. A preliminary injunction was granted. A demurrer being interposed, was sustained, the injunction dissolved, and the bill dismissed. The present appeal is from that order.

The following statement of the bill and the points relied upon, taken from the brief of the appellant, is sufficiently full for all purposes of this discussion: "The ground upon which relief is sought is, that the ordinance of the village appropri-

ating the land, and the petition for condemnation, take or seek to take *the land itself* of the railroad company, with the right of exclusive occupancy of the same, for the purpose of extending the street. The condemnation is attempted to be made in the same manner and with like effect as in cases where land applied to private uses is condemned for similar purposes. It is alleged in the bill that the land in controversy is applied to public uses as a part of the railway of the appellant, and can not, under the grant of power of eminent domain to the village by the legislature of this State, be taken from it, and that the village or city has, under the statute, only the authority to condemn the right of joint user of the land together with the railroad company, and not the land itself,—that the practical effect of the condemnation of either the fee, or the exclusive right of occupancy by the village, would operate to oust the railway company from the land so taken, and to sever its railway. The continuity and integrity of the railway would be destroyed, and the railway company deprived of the means of exercising its franchises." It is also said: "It is a question in the case whether the statute has authorized the village to condemn either the fee or an exclusive easement, and also (if it should be so held) whether the legislature had power to authorize it to condemn a part of a government road and mail route of the United States in such manner as to intercept transportation over the same."

The taking of property under the right of eminent domain is in derogation of individual right, and therefore the grant is to be strictly construed. (*Chicago and Eastern Illinois Railroad Co.* v. *Wiltse,* 116 Ill. 456; *Reed* v. *Ohio and Mississippi Ry. Co.* 126 id. 48; Cooley on Const. Lim. 530, 531.) It would seem, therefore, to follow, that the grant of power must be express, or arise by necessary implication from the language of the grant.

The warrant for the proceeding to condemn, here sought to be enjoined, is to be found in the general act for the incor-

poration of cities and villages. (Rev. Stat. chap. 24.) By the seventh clause of section 1, article 5, of that act, the general power is given "to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, blocks and public grounds, and to keep the same in repair." Ample power is conferred in article 9 of the act to acquire by condemnation, when necessary, the land requisite to the exercise of the powers thus conferred. By the 89th clause of section 1, article 5, it is provided: "The city council shall have power, by condemnation or otherwise, to extend any street, alley or highway over or across * * * any railroad track, right of way or land of any railroad company within the corporate limits; but when no compensation is made to such railroad company, the city shall restore such railroad track, right of way or land to its former state, or in a sufficient manner not to have impaired its usefulness."

It is practically conceded by counsel for appellee, as it must be, that the right and power of the city to extend the street over, upon or across the particular tract of land in question are measured by the clause last quoted. It is a familiar rule that statutes should be so construed that effect may be given to all of their provisions, so that no part will be inoperative or superfluous. It is manifest that if power to extend the streets of a city over and across a railroad, its right of way and land, is to be exercised in the same manner and the right acquired in the same way as it is in extending streets over all other property, under the general power, then clause 89, so far as it relates to street extension, is superfluous. Potter's Dwarris on Statutes, 271, *et seq.; Illinois Central Railroad Co. v. Chicago, Burlington and Northern Railroad Co.* 122 Ill. 473.

No question is made in respect of the power of the village or city to extend the streets in question across the particular tract of land because of its being already appropriated to the public use. The right of such extension is expressly given by the 89th clause of the section before quoted. That the legisla-

ture intended that the extension of streets, etc., across the railway tracks, rights of way and land should be placed upon a different footing from the ordinary extension and opening of streets, seems clear. When a street is extended through or across private property, the city, for the use of the public, acquires the right of exclusive occupancy. The right of occupancy of the former owner therein, as such, is necessarily determined, because incompatible with its uninterrupted control by the city as a public street. The same rule applied to existing railways would necessarily break their continuity, interrupt the exercise of their franchises, and result in great inconvenience to the public at large. The power of the legislature, as the representative of the people, to authorize the taking of the property of railroads and other corporations, when required for the public use, upon making just compensation, can not be questioned, and has been repeatedly sanctioned by this court. It manifestly was intended by the legislature, however, that the tract to be condemned for the extension of the street over and across railroads, railroad rights of way and lands should be subject to the joint use, by the railroad in the exercise of its franchise, and by the public as a street. These rights to its use and occupancy co-exist,—the city, for the use of the public, acquiring the right to extend and open the street over and across the railroad and the railroad right of way, and thereafter to maintain and keep the same in repair as a public street, subject only to its joint use by the railroad company; and the latter retaining the right to use and occupy the same for the legitimate and reasonable management and operation of its railroad and transaction of its business, subject to all lawful rules and regulations applicable to public street crossings.

It is, however, contended in argument, that an easement in the land in question, only, is required by the city for the extension of the street, and that as, under the exercise of the power of eminent domain, no greater interests will be taken than are necessary for the appropriation of the land to the

authorized public use, an easement, only, can be acquired by the city under condemnation proceedings. This necessarily results from the nature of the right given and power exercised under the statute. But it is unnecessary to pursue this branch of the case further. We concur with counsel that by clause 89 of the statute no power is conferred upon the city to acquire the exclusive control or the exclusive right of occupancy, as against appellant, of that part of the appellant's tracks and right of way across which the street is sought to be extended; and it follows, that the judgment in the condemnation proceedings would, necessarily, only have vested the city with the right of use and occupancy of the land condemned, subject to the rightful use of the railroad company thereof. Neither will have the right of occupancy to the exclusion of the other, but each subordinate to the right of the other for the separate use contemplated,—the one occupying and in control thereof for all the legitimate purposes of a public street, and the other, for the reasonable and proper exercise of its franchise.

It is, however, insisted, that the ordinance of the village, and the petition, are not for the condemnation of a joint use of the land, but are for the condemnation of the land itself, and therefore only condemnation of the fee can be had under said proceeding. We are not prepared to concur in this contention. The statute prescribes no different proceeding where it is sought to condemn under the general power to lay out, open and widen streets, etc., and where the condemnation is sought of the lands, right of way or railroad track of a railway corporation. The mode of procedure, in the condemnation authorized by the 89th clause, as under the general power to open, etc., streets, is prescribed in article 9, of chapter 24, of the Revised Statutes. The petition sets forth the ordinance as prescribed in section 5 of that article, and describes with reasonable accuracy the parcel of land sought to be taken or damaged, and the names of the owners thereof,—and in this respect both the ordinance and the petition conform to

the requirements of the statute. It is not required that the particular interest or right sought to be acquired under the condemnation proceedings should be set forth, either in the ordinance or petition, and it is not perceived that any reason exists why the court could not, under this ordinance and petition, have entered judgment of condemnation, giving to the city the right to enter upon and occupy the parcel of land for the uses and purposes for which it might acquire the same under the statute.

But if this is not so, the county court was clothed with ample power and authority to determine, in that proceeding, the sufficiency of the ordinance of the village, and of the petition, to authorize the condemnation. If the city was exceeding its powers by attempting to appropriate the railroad property, the court in which that proceeding was pending would, upon motion, have dismissed the petition, and thereby have afforded appellant the relief sought by this bill. *Chicago and Northwestern Railroad Co.* v. *Chicago and Evanston Railroad Co.* 112 Ill. 589 ; *Illinois Central Railroad Co.* v. *Chicago, Burlington and Northern Railroad Co. supra; Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511; *Dix* v. *South Chicago Railroad Co.* 109 id. 237 ; *Chicago and Eastern Illinois Railroad Co.* v. *Wiltse,* 116 id. 449.

The case of *Central City Horse Ry. Co.* v. *Fort Clark Horse Ry. Co.* 81 Ill. 523, is relied upon as authorizing the interposition of equity to enjoin the condemnation proceedings. It will be observed that the right to enjoin in that case is predicated, first, that the railroad seeking condemnation sought to exercise the right to take for its joint use a part of the previously constructed railway, and thus render the fragment not so taken, unproductive, and the franchise of the first company of little value ; second, that the statute under which the proceedings were had did not authorize the condemnation of property used and appropriated by the public, or appropriated to a public use; and third, that if the statute authorized the

condemnation, by one railroad company, of the track or right of way of another, it could only be of the entire road, upon making just compensation. It is apparent that case is not in point, and that the holding therein has no application to the case at bar. Moreover, no question seems to have been there made as to whether or not the complainant had an adequate remedy at law, and none of the grounds are here alleged upon which the court predicates its decision and opinion in that case.

In the subsequent case of *Lake Shore and Michigan Southern Railroad Co. et al.* v. *Chicago and Western Indiana Railroad Co.* 96 Ill. 125, the question here being considered was before the court. There the appellee company instituted proceedings for the condemnation of its right of way across the right of way and track of the appellant company, and also that of the Chicago, Rock Island and Pacific Railroad Company. Pending these proceedings the defendant companies filed a bill to restrain the same. The bill was dismissed for want of equity, and application was made to this court for a *supersedeas*. In denying this application we said: "So far as we can gather from the suggestions made in support of this motion, the grounds alleged, if available at all to the party relying upon them, appear to be of a character such as may be interposed as a defense at law in the condemnation proceeding now pending in the county court, so that, even conceding that this court has the power to order a stay of proceedings, it would not be an appropriate exercise of such jurisdiction. The defense being of a character which may be made at law, there is no reason for ordering a stay of proceedings in the court in which it may be interposed. Should the defense not be allowed in the county court, the railroad companies have their remedy by appeal to the proper tribunal, where the case may be reviewed."

We are referred to numerous cases holding, with more or less directness, that injunction will lie to restrain the taking and illegal appropriation of tracks of railway corporations, etc.; but we are not aware of any authority that authorizes

or gives jurisdiction to courts of equity to proceed by injunction, unless there is an excess or abuse of the power conferred by law, or there is an attempt to take and appropriate the property without authority of law, or in a manner and to an extent not authorized by law. It is not pretended that the city was seeking to take possession of the parcel of land in question, nor is it sought to be enjoined from any act or acts having for their object the taking possession of the same without making compensation, or of interfering with the defendant in its enjoyment prior to the ascertainment and payment thereof. What is sought is, to enjoin the city from prosecuting the proceedings for condemnation, by which the just compensation may be ascertained. True, it is alleged in the bill that by the ordinance and petition it is sought to condemn the fee of the land; but it is apparent from what has preceded, there could be no such condemnation. The ordinance and petition are in the usual form, and the court might properly have dismissed the petition, required or permitted its amendment, or pronounced judgment of condemnation upon the return of compensation by the jury, as the law would warrant and to justice might appertain. · As said in the case last quoted from, all of these matters complained of in the bill, if available at all, are of such character as might have been interposed in the condemnation proceedings.

There is in the bill an allegation of irreparable injury, but no such facts are set out as show such irreparable injury, as must be done where this ground of equitable jurisdiction is invoked. There is, moreover, no injury proposed to be inflicted or damage to the property of appellant, possible under the condemnation proceeding, for which compensation can not readily be made in such proceeding.

We are of opinion that the demurrer was properly sustained and the bill dismissed. The order of the Superior Court will accordingly be affirmed.

*Order affirmed.*