## THE DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY COMPANY v. THE CITY OF DETROIT AND THE COMMISSIONERS OF PARKS AND BOULEVARDS OF DETROIT.

*Injunction—Remedy at law—Condemnation proceedings.*

A bill in equity to enjoin the prosecution of condemnation proceedings to open a boulevard across a railroad company's tracks, on the ground of irreparable injury, and that the crossing will be dangerous to the public, etc., is properly dismissed, complainant having a complete legal remedy by making its defense in the condemnation proceedings, which are being conducted in the manner provided by the Legislature.

Appeal from Wayne. (Reilly, J.) Argued March 8, 1892. Decided May 6, 1892.

Bill to enjoin the prosecution of proceedings to open a boulevard across complainant's tracks. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*E. W. Meddaugh*, for complainant.

*John J. Speed*, for defendants.

GRANT, J. This is a bill in equity to enjoin the defendants from prosecuting proceedings to open the boulevard across the complainant's tracks. The case was heard upon pleadings and proofs, and the bill dismissed.

We think the decree correct, for the reason that the questions are purely legal, and can be disposed of upon the law side of the court. The condemnation proceedings have been prosecuted to a determination, which was adverse to the complainant. It has appealed to this

Court, which appeal is now pending. The questions raised will be disposed of in that case.

The main ground upon which complainant seeks the interference of a court of equity is that irreparable injury will be done to it by the establishment of the boulevard across its tracks at the place where it is laid out; that the crossing would be extremely dangerous to the public; that for these reasons a viaduct or tunnel should be con-structed, instead of a crossing at grade; and that the recorder's court possesses no power to compel the construction of a viaduct or tunnel. The following cases hold that the defense must be made in the condemnation proceedings: *Williams v. Woolen Co.*, 33 Conn. 353; *Railway Co. v. Railroad Co.*, 96 Ill. 125; *Dickerson v. Commissioners*, 18 Ill. App. 88; *Rich v. Gow*, 19 Id. 81; *Winkler v. Winkler*, 40 Ill. 179; *Railroad Co. v. Patterson*, 37 Md. 126; *Railway Co. v. Minneapolis*, 35 Minn. 141 (27 N. W. Rep. 500).

Complainant's counsel cites several cases where injunctions were obtained in cases similar to this, but I do not find that in any of them the question of jurisdiction was raised. In other cases cited in his brief from the same states, the same questions were raised and decided in the condemnation proceedings, from which appeals were taken. These cases will be referred to in the condemnation matter, and need not, therefore, be cited here.

If the defendants possessed the authority to condemn the right of way across this land, and the Legislature had made no provision for the manner in which it should be conducted, the complainant would then have brought its case within that of *Railroad Co. v. Railroad Co.*, 6 Biss. 219.

Decree affirmed, with costs.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred with GRANT, J. McGRATH, J., concurred in the result.