## ELIZABETH TULLER v. THE CITY OF DETROIT.

*Municipal corporations—Ejectment—Streets—Condemnation pro-*
*ceedings—Constitutional law—Notice.*

1. Ejectment will lie against a city for land condemned for use as
   a public street, and in actual use for that purpose; citing *Arm-*
   *strong v. City of St. Louis,* 69 Mo. 309; *Cowenhoven v. City*
   *of Brooklyn,* 38 Barb. 9.[1]

2. Act No. 281, Local Acts of 1883, which provided for the taking
   of private property for the public use, and for the opening of
   streets and alleys, by the city of Detroit, was not unconstitu-
   tional.[2]

3. Plaintiff being a non-resident, notice by publication, given as
   required by the act, was sufficient; citing *Powers' Appeal,* 29
   Mich. 504; *Brush v. City of Detroit,* 32 Id. 43.

4. Irregularities in condemnation proceedings, which might have
   been taken advantage of by an appeal, cannot be set up in an
   action of ejectment by a land-owner, if the court had jurisdic-
   tion of the subject-matter of the proceedings and of the person
   of the plaintiff.

Error to Wayne.   (Hosmer, J.) ˙ Argued June 20, 1893.
Decided December 4, 1893.

Ejectment.   Defendant brings error.   Reversed, and judg-

---

[1] See *Smeberg v. Cunningham,* 96 Mich. 378, and note.
[2] This act was repealed, and its provisions substantially re-enacted,
by Act No. 354, Local Acts of 1885.

ment entered for defendant.   The facts are stated in the opinion.

*John J. Speed* (*T. T. Leete, Jr.,* of counsel), for appellant.
*Henry Walbridge,* for plaintiff.

LONG, J.   This is an action of ejectment for a strip of land which is now used as a public street in the city of Detroit, known as " Piquette avenue," extending from Hastings street to Russell street, across lot two, subdivision of fractional sections 29 and 32.   Plaintiff became the owner of out-lot two of such subdivision in 1869.   In 1884 the city commenced proceedings to open an avenue from Hastings street to Russell street through this out-lot, leaving a portion of the out-lot on each side of the new street, thus giving a frontage for lots on both sides of the street.

The condemnation proceedings were taken under the provisions of Act No. 281, Local Acts of 1883, which provided, among other things, that, in determining the 'amount of damages where only a part of the lot was taken, the jury should take into consideration the amount of benefits which the portion not taken would receive from the improvement, and that these damages should not be stated separately, but the net amount only should be awarded.   The jury found that the benefits received offset the damages awarded for the property taken, and therefore made no award of damages, and no assessment upon the plaintiff's property was ever made.   After the verdict of the jury in the case in favor of opening the street, the city opened, graded, and worked it, and it was being used as a public highway at the time of the commencement of this action of ejectment.   On the trial but two questions were raised by the plaintiff:

1. That the act under which the condemnation proceedings were had was unconstitutional.

2. That, even if the act was valid, the plaintiff had no

notice of the proceedings for the taking of her land for public use.

The court below was of the opinion that the act under which the condemnation proceedings were had was unconstitutional, and also that the plaintiff had no notice of the proceedings to condemn, and directed the verdict in favor of the plaintiff. The city presented three requests to charge, which the court below refused. These requests, together with the claims made by the plaintiff, present the legal questions arising in the case, and are as follows:

"1. In this case plaintiff claims that defendant has become liable in this action because of certain condemnation proceedings taken in the recorder's court to acquire the use of the land in question for a public street, and that the land is now used for the purposes of a public highway. I charge you that, under the law, plaintiff cannot recover in this action.

"2. It appears from the testimony that defendant took condemnation proceedings in the recorder's court of the city of Detroit, in 1884, to acquire the use of the land in question for the purposes of a public street; that plaintiff knew, in 1885, that the street had been worked and graded; that she afterwards built a sidewalk upon one side of the street, conforming to the line thereof; that the land has not been assessed for taxes since 1885, and the defendant has caused the same to be paved and improved. I charge you that, under the law, plaintiff is now estopped from denying the validity of the proceedings taken to condemn the land for street purposes.

"3. The jury have the right to consider, from all the evidence, whether plaintiff knew that the defendant was expending money in the improvement of the land for the uses of a street, and if you believe she had such knowledge, and permitted such expenditure to be made without protest, you have a right to find that she is now estopped from denying the validity of the proceedings taken to condemn said land."

The court was not in error in holding that ejectment will lie against a municipal corporation. *Armstrong v. City of St. Louis,* 69 Mo. 309 (33 Amer. Rep. 499); *Cowenhoven v. City of Brooklyn,* 38 Barb. 9.

The court was in error in holding the act unconstitutional, and also in determining that the plaintiff did not have notice of the proceedings. The statute was strictly followed in all its provisions. Plaintiff was a non-resident, and notice by publication was given, as the statute requires, and no defect is shown in the publication. Notice by publication was sufficient. *Brush v. City of Detroit*, 32 Mich. 43; *Powers' Appeal*, 29 Id. 504.

It is claimed by plaintiff's counsel that the court below, in holding the act unconstitutional, followed the case of *City of Detroit v. Daly*, 68 Mich. 503, 506. In that case the question of the constitutionality of the law was not discussed or passed upon in the majority opinion. The case was disposed of upon the merits. Mr. Justice CAMPBELL said:

"As we are required to consider the verdict and proceedings on the merits on the appeal, as has always been done in disposing of such special proceedings, we cannot confine our view to dry questions of law, but must look to substantial justice."

It appeared by the findings of fact in that case that the jury did not make an estimate of the value of the land taken, or of the benefits, but in a lump sum assessed the land for the benefits $115 over the damages for the taking, and it was said that it was thus taken without compensation. It was also said that there was no respectable showing of any necessity for the taking. But the constitutionality of the act was not considered or discussed. It was held by Mr. Justice CAMPBELL that the jury could not award a lump sum in damages, though so provided by the statute. Yet the statute is not so far defective as to render proceedings under it difficult. Neither are we prepared to say that, with this provision left out, the Legislature would not have passed the remaining portions of it. We regard the statute as valid, except as to the provisions referred to by Mr. Justice CAMPBELL.

The petition in the condemnation proceedings here involved was filed in the recorder's court on May 2, 1884. A summons was issued, but returned not served on Mrs. Tuller, and thereupon due publication was had of a notice to appear in the cause. This order was published for five successive days, as required by the act, and proof of such publication filed. Mrs. Tuller was a non-resident of the county, and did not appear in the proceedings. The statute required the summons to be served on all respondents that might be found within the county five days before the return-day thereof, and upon all other respondents by publishing the summons for five successive days. It was further provided by the act that the return of the sheriff to said summons, and affidavits showing due publication of said summons, should be filed in said court, and should be sufficient evidence of service on all respondents, and of the manner of service, and that thereafter all respondents should take notice of and be bound by all subsequent proceedings, without further notice. The record, we think, shows a substantial compliance with the statute. The court, therefore, not only had jurisdiction of the subject-matter of the controversy, but of the person. It is very likely that irregularities existed in the proceedings, which might have been taken advantage of by an appeal, but those irregularities cannot be set up here. The plaintiff had an opportunity to be heard, but the judgment remains of record, and not appealed from, and she is concluded by it.

The judgment of the court below must be reversed, and judgment entered here in favor of defendant, with costs of both courts.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.