SANDUSKY GRAIN CO. *v.* SANILAC CIRCUIT JUDGE.

1. EQUITY—JURISDICTION—EMINENT DOMAIN.

A court in chancery will not assume jurisdiction to enjoin condemnation proceedings on the ground of irreparable injury and anticipated and probable danger to the public, the case being conducted in manner provided by statute: all defenses to the proposed taking must be made in the eminent domain proceedings.

2. SAME — APPEAL AND ERROR — COURTS — DISQUALIFICATION OF JUDGE.

While irregularity in the proceedings, such as the disqualification of a juror and objections which are reviewable on appeal, are not sufficient to avoid proceedings in eminent domain, where the trial judge was disqualified, the judgment is not merely voidable but void; objections to the qualification of such judge, which were not available in the trial court, may be presented in the appellate court.

3. SAME — CONDEMNATION PROCEEDINGS — INJUNCTION — DISQUALIFICATION OF JUDGE—ADEQUATE REMEDY AT LAW.

Where complainant's bill to enjoin proceedings in eminent domain averred that the probate judge, before whom the proceedings were instituted, was a stockholder in the plaintiff corporation, and that the sheriff who was chosen to summon the jurors was disqualified for like reason, a demurrer to the bill of complaint should not have been sustained, since the railroad company, unless restrained, might enter upon the property, lay tracks, and accomplish what it undertook to accomplish in commencing proceedings although the judgment be void. But the court of equity ought not to and will not review the condemnation proceedings.

4. SAME—APPEAL AND ERROR—EMINENT DOMAIN—EFFECT OF APPEAL.

On demurrer to the bill of complaint in the equity suit, *held,* that the court was not sufficiently advised by the

record, relative to the effect of the appeal from such con-
demnation proceedings, so that it might say that com-
plainant had an adequate remedy at law by reason of
the appeal, which was not averred or set forth as a part
of complainant's case.

Mandamus by the Sandusky Grain Company against
Watson Beach, judge of the circuit court for the
county of Sanilac, to require respondent to issue an
injunction.   Submitted December 18, 1914.   (Calen-
dar No. 26,490.)   Writ granted January 4, 1915.

*C. F. Gates,* for relator.

*John C. Hewitt,* for respondent.

OSTRANDER, J.   We are asked to grant an order
requiring the court below to grant an order restrain-
ing the Detroit, Bay City & Western Railroad Com-
pany from taking possession of or performing any
work upon, or disturbing the surface of, Argyle
avenue, in the city of Sandusky, Mich., in the con-
struction of a spur track, until the further order of
the court.

From the pleadings it appears that the interested
railroad company is building a line of road from Bay
City to Port Huron, through the city of Sandusky,
and when the original bill was filed was seeking op-
portunity to construct a certain spur or side track
along Argyle avenue, connecting its main line with
the plant of the Sandusky Tile & Brick Company.
For this purpose it had obtained and accepted a fran-
chise, in the form of an ordinance, passed January
26, 1914.   It was charged in the bill, among other
things, that it was proposing to construct the spur
track, although the ordinance had not been submitted
to a vote of the citizens of Sandusky.   The answer
sets up that the said ordinance was submitted to a
vote of the citizens in August, 1914, at which election

it was ratified and approved by a vote of more than two-thirds of the qualified electors voting thereon. It is further said in answer to the bill that, negotiations for acquiring the property failing, it filed its petition August 21, 1914, in probate court, pursuant to the statute, to have the necessity for its contemplated use of the street determined and the damages and compensation it should pay ascertained; that complainants appeared in said proceedings and answered, and that thereafter, pursuant to the statute, a jury determined that the necessity existed and ascertained the damages and compensation to be paid for the contemplated use; that the report of the jury was duly confirmed by the probate court. It was upon the coming in of this sworn answer, and on October 8, 1914, that the restraining order already in force was vacated. Later, on or about October 22, 1914, a supplemental bill was filed, without notice to the railroad company, and, so far as the record discloses, without leave of the court. Like the original, it is a sworn bill, and charges, among other things, that the judge of probate, who acted in said condemnation proceeding, was at the time the condemnation proceedings were pending, and is, a stockholder directly, personally, and financially interested in the said Sandusky Tile & Brick Company, and as such judge he appointed another stockholder in said company, the sheriff of the county, to make the list of freeholders from which the jury was made up to pass upon the necessity, etc., of using said street, the person so appointed preparing the said list of freeholders and afterwards summoning certain talesmen to complete the jury; that it was not until October 20, 1914, that complainants learned that the person so appointed was, as they claim, so disqualified to act, and not until October 19, 1914, that the facts affecting the qualifications of the probate judge came to their knowledge. The bill

charges other actions amounting to legal, if not actual, fraud in the selection of the jury, but for the purposes of this opinion only the charge of the disqualification of the judge and of the officer who selected the jury will be considered.

In the court below the cause stands upon the original bill and answer, the supplemental bill demurred to by defendant railroad, and an order which refuses a restraining order, for the reasons:

"The supplemental bill in effect requires the court to review the proceedings of the probate court, a court of concurrent jurisdiction in condemnation proceedings.

"A jury in the probate court has found the necessity for taking the property, and this bill requires the court to determine whether the proceedings are wholly void, or whether they are void only as to order of confirmation. An appeal has been taken, and I am of the opinion that the proper forum for stay is the Supreme Court. A remedy at law remains to complainants, and the finding, if necessary, although the proceedings may be void as to part or whole, deprives the bill of equities.

"Without prejudice."

That equity will not take jurisdiction to restrain condemnation proceedings which are being conducted in the manner provided by the legislature, on the ground of irreparable injury and anticipated and probable danger to the public, is settled by *Detroit, etc., R. Co.* v. *Commissioners*, 91 Mich. 444 (52 N. W. 52), in which case a city proposed to extend a boulevard across a railroad company's tracks. Such defenses, and indeed all defenses, to the proposed taking must be made in the condemnation proceedings. It is settled, too, that although irregularities in a condemnation proceeding which might be reviewed on appeal cannot be set up in an action of ejectment for the land taken, if the court had jurisdiction of the

184 Mich.—9.

subject-matter and of the person of the plaintiff, if the proceeding thereby taken is void, ejectment will lie. *Tuller* v. *City of Detroit*, 97 Mich. 597 (56 N. W. 1032).

And the disqualification of a juror in a condemnation proceeding will be ground for setting it aside on appeal. *Michigan, etc., Ry.* v. *Barnes*, 40 Mich. 383.

Affirming the rule that judgments and orders made by a disqualified judge are not voidable merely, but are void, we have held that objections to the qualifications of the judge not available in the trial court may be presented in this court. *Bliss* v. *Caille Brothers Co.*, 149 Mich. 601 (113 N. W. 317, 12 Am. & Eng. Ann. Cas. 513).

The question is whether, in view of the settled law and the right of relators here to appeal from the order confirming the report of the jury, a court of equity ought to interfere by injunction to restrain the railroad company from presently taking advantage of its apparent right to enter upon the premises taken in the condemnation proceedings. I am of opinion that the controlling thing is the fact that, unless restrained, the railroad company may take the property, lay tracks, and accomplish, no award of damages to complainants having been made, what it undertook to accomplish in instituting the proceeding. Whether or not the probate judge was disqualified and the sheriff was disqualified are finally questions of fact, although by the demurrer the facts, for the purposes of this motion, are admitted. The equity court ought not to, and will not, review the condemnation proceeding, but if the proceeding is void the case is not different from the one made by the original bill, the railroad company has no right to enter upon the property, and the adequate remedy for complainants is an injunction. This court is not sufficiently advised concerning the appeal from the order con-

firming the report of the jury to say that upon the record on appeal it can or should accomplish, by its order, what the court below may do in this cause.

The writ will issue.

BROOKE, C. J., and MCALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.