Mary Ann Stevenson v. Jacob Jackson, Nancy Jackson and Michael Garvin.

*Specific performance of contract covering a homestead that has never been set off.*

The law cannot select a homestead if one has not been already chosen.

A land contract signed by the husband alone is valid as to everything but the homestead.

A man made a land contract covering eighty acres on which he lived, but not signed by his wife. Husband and wife afterward joined in conveying the same property to another person. The homestead had never been set apart. The whole land was subject to mortgages in which the wife had joined. A suit for specific performance was brought by the party to whom the contract was given, and the party to whom conveyance had been made, defended, but did not ask that any homestead right should be set off to him or protected. *Held*, therefore, that the court would not interpose to protect any, and as the homestead right had been lost by the grantors, and as the defense actually set up was insufficient, specific performance was decreed in favor of the complainant.

When specific performance is decreed in favor of one who is still owing something on the contract, he should be ordered to bring the amount into court for the party entitled to it.

Appeal from Isabella. Submitted April 18. Decided April 24.

Bill to set aside deed and for specific performance. Complainant appeals.

*Brown & Leaton* for complainant.

*C. H. Gage, Scott & Graves* and *Bennett & Utley* for defendants.

Cooley, J. Complainant filed her bill for the specific performance of a certain contract executed by Jacob Jackson, and by which he agreed to convey to her a certain eighty acre lot of land. By the contract com-

plainant was to pay for the land eight hundred dollars, included in which was the amount of two mortgages on the same lands, amounting to between two and three hundred dollars. At the date of the contract Jacob Jackson was a married man and lived upon the land with Nancy Jackson, his wife. Mrs. Jackson did not sign the contract. Complainant owned one of the two mortgages, and assumed payment of the other. She also made a small payment in money and goods, and was given possession of the land. Within a month from the date of the contract the Jacksons united in conveying the land to the defendant Garvin, who now claims to own the same under their conveyance, denying the validity of the contract with complainant.

One ground of supposed invalidity of the contract is found in the fact that the Jacksons lived upon the land at the time of selling to complainant, and had their homestead there. The constitution exempts from forced sale on execution or any other final process from a court, a "homestead of not exceeding forty acres of land, and the dwelling house thereon, and the appurtenances to be selected by the owner thereof, and not included in any town plat, city, or village," and provides that any "mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same." Art. 16 § 2. It has been held that this provision is applicable to a contract for the conveyance of lands, which requires the signature of the wife as much as an actual conveyance. *McKee v. Wilcox*, 11 Mich., 358. It has also been held that when the husband conveys without the wife's signature, the conveyance being void, he may afterwards join with the wife in conveying the land to another party. *Dye v. Mann*, 10 Mich., 291; *Wallace v. Harris*, 32 Mich., 380.

The difficulty in this case grows out of the peculiar complications. The land contract embraced more than forty acres, and there had never been any selection of

a homestead from the land described.   The law can make none for the parties, for there is no rule which can be a guide in setting off any particular portion or in giving it any particular shape.   The Jacksons in conveying to Garvin made no selection.   Had they conveyed not to exceed forty acres, embracing the dwelling house, it might be claimed with much reason that they thereby indicated their purpose to claim the land so conveyed as exempt from the operation of the land contract because of its being their homestead.   But they embraced the whole eighty acres in the deed, and they have not even by their pleadings in this suit undertaken to assert a homestead right in any particular portion of it.   But the land contract was unquestionably valid as to all but the homestead.   *Wallace v. Harris*, 32 Mich., 380.   And the mortgages, being both signed by the wife, are valid liens on the whole land, and may be enforced against the whole.

Under these circumstances it is a little difficult to understand how a homestead right can be preserved for the benefit of Garvin.   Jackson has no homestead right now, and any selection he might make would be made not for occupation as a homestead, but for the advantage of Garvin, and might be quite different from a selection made for the convenience of occupation.   But a more important fact is this : that Garvin in this suit, while stating the fact that the whole eighty acres was occupied by the Jacksons as a homestead—which in the constitutional understanding of the term it could not have been—places his defense to the suit altogether on other grounds, and does not ask that what might have been claimed as a homestead should be set off to him.   The position of the case, then, is this : that while facts are stated from which it appears that a homestead might be claimed, we are not asked in this suit to protect any homestead right.   We shall not, therefore, interfere to protect any.

The grounds of defense actually set up are fraud

in obtaining the contract, failure in complainant to perform on her part, and tender of rescission on the part of defendants.    We find in them no sufficient ground of defense, and think complainant should have had the relief prayed.

The decree must be reversed with costs, and the cause remitted with directions to enter decree as prayed, with costs of both courts.    A reference will be necessary to ascertain the amount owing by complainant, and the same should be ordered brought into court for the party entitled to it.

The other Justices concurred.