## CHARLES R. BLAIR v. EDWIN SMALL.

*Estrays—Cattle damage feasant.*

Entering cattle upon the town book and notifying a justice as required in the statute relating to estrays are unnecessary acts when cattle are taken *damage feasant,* and do not convert the latter proceeding into the former nor estop one from claiming that he sought the statutory remedy of distraining the cattle.

Error to Hillsdale. (Steere, J.) Oct. 9.—Oct. 15.

REPLEVIN. Plaintiff brings error. Affirmed.

*B. P. & C. A. Shepard* and *Millard, Weaver & Weaver* for appellant.

*A. St. John* and *G. A. Knickerbocker* for appellee.

COOLEY, C. J. This is an action of replevin, brought under How. Stat. ch. 289, for cattle distrained by the defendant. Under the statute the questions to be determined in such an action are—*first*, whether the cattle were lawfully distrained; and if so, then *second*, what damages the defendant distraining them is entitled to. The first question was decided in favor of the defendant, and he recovered his damages. The plaintiff brings error.

On the trial the plaintiff insisted that defendant had not distrained the cattle at all, but had taken them up as estrays under chapter 60 of the same Compilation. The ground for this claim is that defendant, on finding the cattle trespassing on his premises, proceeded to impound them, and then caused a description to be entered on the town book and a notice to be given to a justice of the peace, as is required by said chapter 60 in case of cattle taken up for being unlawfully at large. It is claimed that by these acts the defendant elected to treat the case as one arising under that chapter.

If the plaintiff is right in this position, it would seem that he has misconceived his own action, which is expressly grounded on a case of distraining under the other statute. But waiving this point, we think there is nothing in the other. It clearly appeared in the case that defendant, from the first, claimed to have taken up the cattle damage feasant, and he so told the plaintiff when the latter went and demanded them. Entering the cattle on the town book and notifying the justice were acts that could harm no one, and they could not therefore be considered acts of estoppel. They were probably done before the statutes had been carefully examined; but in the light of other facts which show that defendant was all the while claiming to have distrained the cattle

for damage done, they cannot be considered as constituting an election to proceed against them as estrays. They were, under the circumstances, merely nugatory acts, and the judge was right in so regarding them.

It clearly appeared that the distraining was lawful. Possibly a question might have been made whether the right of the defendant had been kept good under the statute ; but we cannot, on this record, go beyond a review of the questions actually passed upon by the circuit judge.

We find no error in his rulings and

The judgment must be affirmed.

The other Justices concurred.