COLE *v.* COLE.

1. DEEDS—DELIVERY—DEPOSIT FOR DELIVERY AFTER DEATH—
   RIGHT TO RECALL.

   Where a landowner executes deeds and deposits them with an-
   other with instructions to deliver them after his death, he
   has a right to recall them and destroy them, unless at the
   time of depositing them he intended to deprive himself of
   that right.

2. SAME—INTENTION—EVIDENCE.

   It being sufficient in such a case that it is understood both by
   the grantor and the depositary that the grantor reserves the
   right to control the deeds, an express agreement to that effect
   is unnecessary, and it appearing that there was such an un-
   derstanding, no title passes, and the grantor has a right to re-
   call and destroy the deeds.

Appeal from Eaton; Smith, J. Submitted May 8,
1906. (Docket No. 126.) Decided July 3, 1906.

Bill by Diantha M. Cole against Nancy Cole for the res-
toration of certain deeds. From a decree dismissing the
bill, complainant appeals. Affirmed.

*Huggett & McPeek*, for complainant.

*Lewis J. Dann* and *Garry C. Fox*, for defendant.

CARPENTER, C. J. Defendant, who is the mother of
complainant and two other daughters, is the owner of 80
acres of land situated in the county of Eaton, in this State.
In 1900, she executed three deeds, by which she conveyed
to each of her three daughters a portion of said land, and
placed the same in the custody of one John Triphagen
with instructions to deliver the same after her death. In
1904, defendant recalled these deeds and destroyed them.
Thereupon complainant commenced this suit in chancery
for the purpose of obtaining a decree compelling their res-

-toration. The case was heard upon pleadings and proofs in the lower court, and a decree therein entered dismissing complainant's bill. Complainant appeals, and asks us to reverse that decree upon the ground that when the deeds were placed in Triphagen's custody the grantees named therein acquired rights of which the defendant could not divest them.

Defendant had a right to recall these deeds and destroy them, unless at the time she deposited the same with Triphagen she intended to deprive herself of that right. See *Burk* v. *Sproat*, 96 Mich. 404; *Pennington* v. *Pennington*, 75 Mich. 600; *Osborne* v. *Eslinger*, 155 Ind. 351; *Thompson* v. *Calhoun*, 216 Ill. 161. Did defendant, when she deposited these deeds with Triphagen, intend to divest herself of all right whatever to control them? The only persons who were present when that deposit was made were Triphagen and defendant herself. They do not agree as to what was said at that time. Defendant testifies that she expressly reserved to herself the right to control the deeds. Triphagen denies that there was any such express reservation, but admits that he understood that he did not "have any control of the papers [deeds] if she [defendant] wanted them." To give defendant the right to control these deeds in Triphagen's hands, it was not necessary that that right be expressly reserved. It is sufficient that it was understood both by her and Triphagen that it was so reserved. It was so understood, and therefore we must hold that she had that right. Other evidence in the case convinces us that defendant, by placing these deeds in the custody of Triphagen, did intend to effect an arrangement whereby the title to the property described in the deeds should pass to the grantees therein named when the deeds were delivered after her death. It is argued that this intention could not be effected unless the title passed when the deeds were delivered to Triphagen (see *Taft* v. *Taft*, 59 Mich. 185, *Prutsman* v. *Baker*, 30 Wis. 644, *Osborne* v. *Eslinger*, and *Thompson* v. *Calhoun*, supra), and that it therefore follows that

on the delivery to Triphagen the title passed to complainant and her sisters. We may concede the premise of this argument, and at the same time deny the conclusion. Assuming it to be true that a deed to be effective after death must take effect before death, it follows that one who has made an endeavor to make a deed effective has either deprived himself of all right to change that deed or he has accomplished nothing whatever. Under this assumption we must decide either that defendant has made an irrevocable deed to complainant—that is, that she did precisely what she did not intend to do—or that she has done nothing. If there is any difficulty in choosing between these two alternatives, that difficulty entirely disappears by a restatement of law—and a restatement of it in accordance with complainant's contention—viz., nothing was effected by defendant's deposit of the deeds with Triphagen, unless defendant intended her act to be irrevocable. As she did not so intend, nothing was effected. Complainant, then, acquired no title, and defendant had a right to recall and destroy the deeds.

The decree of the trial court is affirmed.

MCALVAY, BLAIR, HOOKER, and MOORE, JJ., concurred.