YOUNG *v.* YOUNG.

1. DEEDS—DELIVERY—ESCROW.
   A deed acknowledged before a notary and left with him for record operates to pass title as of the date of acknowledgment and delivery and is not subject to recall by the grantors, where the weight of evidence shows that no restrictions or conditions were mentioned.

2. SAME—ALTERATIONS.
   An interlineation by a third party, not named in a deed, is not such an alteration as will destroy the effect of the instrument.

Appeal from Genesee; Wisner, J. Submitted February 18, 1909. (Docket No. 41.) Decided May 26, 1909.

Bill by Melvin Young and another against Hosea B. Young and others for the cancellation of a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*William T. Yeo* and *Brown & Farley*, for complainants.

*Brennan & Cook* (*Clare M. Gundry*, of counsel), for defendants.

MOORE, J. In September, 1901, Joseph Young and his wife, Emily, appeared before James Van Vleet, a notary public and justice of the peace residing at Flint, Mich., and executed a short-form warranty deed to upwards of 120 acres of land. After the deed was executed, it was left with Mr. Van Vleet, who presented it for record in April, 1903; Mr. Young having died in the meantime. After its record, the deed was returned to Mr. Van Vleet. Later Emily Young and some others appeared before Mr. Van Vleet, and an interlineation was made in the deed of these words, "And to the children of

Hosea B. Young by his first marriage," and the deed was again recorded. The bill of complaint is filed for the purpose of having said deed canceled. The case was heard in open court. The trial judge dismissed the bill of complaint. The case is brought here by appeal.

The appellants contend:

"*First.* That the said paper writing as made by the said Joseph Young and Emily Young, his wife, on September 7, 1901, as aforesaid, was not intended by the said grantors to operate as a deed conveying to the grantees therein named, a then present interest, to the exclusion of the grantors therein during their lifetime.

"*Second.* That the said paper writing as made by the said Joseph Young and Emily Young, his wife, if construed to be a deed of conveyance, was intrusted by the grantors to James Van Vleet as their agent to care for it and to keep it for them subject to their control, and was not delivered by Mr. and Mrs. Young to said James Van Vleet as an absolute transfer of the title possessed by them in and to said lands to take effect at their decease.

"*Third.* That the changing of the said instrument by the said James Van Vleet, in October, 1905, two years after the decease of said Joseph Young, at the suggestion of said Emily Young, one of the grantors therein named, and of Hosea B. Young, Charles E. Young, and Lillie M. Austin, in adding thereto the words, 'and to the children of Hosea B. Young by his first marriage,' and other alterations, destroys the legal effect of said writing.

"*Fourth.* That from the contents of said instrument itself it is apparent that it was not intended as a deed of conveyance of the title of grantors in and to said lands, nor as a testamentary disposition thereof."

The important question in the case is one of fact, namely: Was the deed executed and delivered absolutely with the intention of conveying title, or was it subject to the recall of the grantor. The trial judge found it was an absolute conveyance, delivered without being subject to the power of recall or control by the grantors. The appellants say that was a wrong conclusion. Mr. and Mrs. Young are both dead, and cannot give their version of the transaction. It is, however, stated in the deed that it is

157 MICH.—6.

"signed, sealed, and delivered in presence of" witnesses who are named. The deed was left with Mr. Van Vleet. It was recorded after the death of Mr. Young. Mr. Van Vleet swears unequivocally that it was delivered absolutely and without the right of the grantors to recall or control it. Opposed to this condition is the testimony of a witness to a conversation had with Mr. Van Vleet in which he claims in substance as follows: That Mr. Van Vleet said Mr. Young gave him the deed, and told him to take care of it for him, and that he asked Mr. Van Vleet if that was all the delivery that was ever made of the deed, and he answered, "That is all that was done;" the witness adding, "as I recall it." On the cross-examination the witness said:

"I did not make any memoranda of what he told me, never wrote his statement, but depended on my memory. It occurred quite a while ago. I cannot just say when it was."

The other witness, who was an interested party, testified that in an interview with Mr. Van Vleet the following occurred:

"Q. You may state whether on that occasion Mr. Van Vleet told you 'Joseph Young left the deed with me with the understanding that I was to keep it until his death, unless he asked for it.' State whether that was said.

"A. That was said.

"Q. Whether he also stated to you that 'then to record it.'

"A. He did."

This witness testified that he made a memorandum of what Mr. Van Vleet said at the time of this talk with him. Mr. Van Vleet recalls the interview, and declares that he told the witness that the delivery was without the power of recall, and that he was urged to recollect it as the witness now testifies, and that he told the witness that would not be true, and that the deed was delivered without the power of recall. Mr. Van Vleet and the first of the witnesses mentioned above as contradicting Mr. Van

Vleet live in the same city with the circuit judge, and it is a fair inference from the record that he knew both of them. He had the great advantage of seeing and hearing the testimony of all the witnesses. There is nothing in the record or arguments of counsel that cause us to doubt the accuracy of the conclusion of fact reached by the trial judge. As to the effect of the delivery shown, see, *Latham* v. *Udell*, 38 Mich. 238; *Brown* v. *Stutson*, 100 Mich. 574 (59 N. W. 238, 43 Am. St. Rep. 462); *Jenkinson* v. *Brooks*, 119 Mich. 108 (77 N. W. 640); *Fulton* v. *Priddy*, 123 Mich. 298 (82 N. W. 65, 81 Am. St. Rep. 201); *Meech* v. *Wilder*, 130 Mich. 29 (89 N. W. 556).

It is said that the interlineation made after Mr. Young's death destroys the legal effect of the deed. It requires no argument to support the conclusion that, if a grantor has made a valid deed, his intent and purpose in doing so cannot be destroyed by the unauthorized act of some other person.

The decree is affirmed, with costs.

BLAIR, C. J., and OSTRANDER, MCALVAY, and BROOKE, JJ., concurred.