COOPER v. COOPER.

1. INCOMPETENCY—EVIDENCE.
   Preference of a part of decedent's children by the execution of a deed and its delivery in escrow, although the act was unwise and unnatural, is *held* not to establish his incompetency where he expressed a reason for it, sufficient in his opinion, and did not act under a delusion.

2. ESCROWS—DEEDS—DELIVERY.
   In delivering conveyances to a third party in escrow with a direction to keep them until the grantees call for them, the grantor is presumed to have intended an irrevocable delivery, creating a present interest in the property transferred.

3. HOMESTEAD—SIGNATURE OF WIFE—SELECTION.
   Without the wife's signature, a deed by the husband of the homestead on which both parties live, consisting of a quarter of a

section of land, is invalid as to the portion to which the wife has a homestead right, although no actual selection of a homestead has been made by the grantor.

Appeal from Ottawa; Padgham, J. Submitted June 16, 1910. (Docket No. 70.) Decided July 14, 1910.

Bill by Frank R. Cooper and others against Herbert D. Cooper and others for the cancellation of certain deeds. From a decree for complainants, defendants appeal. Modified.

*George A. Farr,* for complainants.

*Walter I. Lillie,* for defendants.

HOOKER, J. In September, 1908, Fitch D. Cooper committed suicide, first shooting and killing his wife. By a former wife he had three children and by his second wife four. All survived him. At the time of his death he was in possession of both real and personal property. In June, 1908, he caused to be drawn a deed of substantially all of his real estate, and a bill of sale of his personal property, to his two sons, Herbert and Earl, aged respectively 17 and 15 years, sons of his second wife, omitting any provision for their sisters, Minnie, aged 19, and Velma, aged 10 years, except a fraternal policy of $2,000, which was payable to the children of the second marriage. The property covered by the deed and bill of sale amounted to about $18,000. On his way home from the scrivener he stopped at the home of a friend, one William Mines, and handed him an envelope, sealed, and said:

" Keep those papers until the boys call for them."

The names " Herbert " and " Earl " were upon the envelope. After the suicide the sheriff found and delivered a letter addressed to Mines:

"I wish you would take those papers and have them recorded immediately. By doing so you will greatly oblige."

162 MICH.—20.

Mines did as requested—*i. e.*, caused the deeds to be recorded. All of the other children by both marriages joined in this suit against Herbert and Earl, to cancel the instruments. The court found that Cooper was not incompetent, but that the instruments were never delivered. A decree was made in accordance with the prayer of the bill.

An appeal was taken in accordance with the following stipulation:

"In this cause all parties desiring to appeal upon the whole record, and desiring to save expense, it is agreed that but one appeal shall be made, which shall be considered as the appeal of all the parties, and shall take up the entire record for consideration. The complainants to pay one-half of the costs of the stenographer's minutes and of printing the record, and of the clerk of the Supreme Court; that there shall be no costs in the Supreme Court except solicitor fees and for printing briefs, and that said cause may be considered by the Supreme Court as though both parties had separately appealed.

"Dated January 15, 1910."

**Incompetency.** We have examined the testimony relating to the grantor's mental condition at the time he made the deeds, and conclude that the charge of incompetency is not sustained. In this we are in accord with the learned circuit judge who heard the testimony from the lips of the witnesses. On the surface it would seem that the action of the grantor was unwise and unnatural, but he had, and expressed, a reason for it, which was sufficient in his opinion, and which shows that he considered and settled the question according to his judgment, such as it was. This clearly appears, in contradistinction to a condition of mind preventing his mental ability to understand, and ability to resist a delusion.

**Delivery of the Deeds.** The testimony regarding the deposit of the deeds is, in a nutshell: After executing them, he placed them in an envelope indorsed with the names of the grantees, and left it with a friend with the direction:

"Keep those papers until the boys call for them."

This instruction was sufficient in itself to create a presumption that he intended his act to be irrevocable. We have many cases that hold that such a delivery conveys a present interest to the grantees, and conveys full title on the delivery as directed.

In the early case of *Hosley* v. *Holmes*, 27 Mich. 416, we held:

"A delivery of a deed to a third person for the benefit of the grantee, in the absence of anything conveying a different intent, is as much a delivery as if made to the grantee himself; and when papers show upon their face that they are intended to take effect and operate from their execution, it will not be presumed that their delivery to a third person, to be afterwards delivered to the parties, was merely as an escrow, and that they were not to take effect until such subsequent delivery."

See note to this case. *Ellis* v. *Secor*, 31 Mich. 185 (18 Am. Rep. 178); *Wallace* v. *Harris*, 32 Mich. 380, and note; *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264, and note; *Latham* v. *Udell*, 38 Mich. 238; *Taft* v. *Taft*, 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291).

In *Pennington* v. *Pennington*, 75 Mich. 600 (42 N. W. 985), it was held that—

"Until a deed is delivered to a grantee to become presently operative, the grantor retains the right to recall it."

But in that case it was found that the deed was deposited for safekeeping, and therefore was not beyond recall. *Hitchcock* v. *Simpkins*, 99 Mich. 198 (58 N. W. 47), was a case bearing upon the question of the conveyance of a present interest, as, also, is the case of *Culy* v. *Upham*, 135 Mich. 131 (97 N. W. 405, 106 Am. St. Rep. 388). *Jenkinson* v. *Brooks*, 119 Mich. 108 (77 N. W. 640), *Fulton* v. *Priddy*, 123 Mich. 298 (82 N. W. 65, 81 Am. St. Rep. 201), and *Roup* v. *Roup*, 136 Mich. 385 (99 N. W. 389), recognized the doctrine, but turned on the question of fact as to intent, and the same may be said of *Cole* v. *Cole*, 144 Mich. 676 (108 N. W. 101);

*Leonard* v. *Leonard*, 145 Mich. 566 (108 N. W. 985), and *Young* v. *Young*, 157 Mich. 80 (121 N. W. 264).

The direction in this case was unequivocal and contained no indication of an intention to retain a control of the deeds. The letter found upon the person of the grantor was not inconsistent with an irrevocable deposit. It was but a later direction to deliver to the boys at once, in another way, without waiting for them to call for the deeds. The will, made some time before, made other provisions, but the conveyancer who drew the deeds gave testimony accounting for his change of mind, and showing that he did not overlook the necessities of his younger children, and his duty toward them. We may question his judgment in this matter, but that will not justify setting aside his action, and it is possible that he knew the situation and exigency best. It is a question of intent, and we are unable to find circumstances overcoming the presumption arising from his act and instruction.

The question is whether it can be said that the delivery was such as to convey a present interest. The subject is considered and numerous authorities cited in an exhaustive note to the case of *Munro* v. *Bowles*, 187 Ill. 346 (58 N. E. 331, 54 L. R. A. 865).

Homestead. At the time these deeds were made the premises described therein were occupied as a homestead. The bill alleges that the N. E. ¼ of section 10 (160 acres) was the homestead of Cooper and his wife at the time the deeds were made. They certainly lived there and apparently had no other land. It is contended that the husband had not selected a homestead, and that none can be selected for him now. At the time these deeds were made these parties resided on these premises. The wife might assert a homestead right, and this did not depend on her husband's selection before that time. His attempt to convey it was futile, and the deeds were void as to such interest, and they could not afterwards be made valid by the death of one or both. The title to the homestead remained in the husband. *Wallace* v. *Harris*, 32 Mich.

380; *Stevenson* v. *Jackson*, 40 Mich. 702. This homestead involved an undefined tract, and the value is limited to $1,500. Complainants' rights can be protected however. See *Beecher* v. *Baldy*, 7 Mich. 488; *Dye* v. *Mann*, 10 Mich. 291; *Wallace* v. *Harris, supra; Stevenson* v. *Jackson*, 40 Mich. 702. To this extent the deed must be canceled.

We do not lose sight of the case of *Sammon* v. *Wood*, 107 Mich. 510 (65 N. W. 529), where it was said that—

"It may be impossible to locate it (the homestead), and in such case the title (*i. e.*, deed) to the entire farm must fail."

If this was more than a *dictum*, it does not appear whether the subsequent proceedings involved the carrying out of that suggestion. In any event, we doubt the propriety of applying such a rule here. That statement is based on *Engle* v. *White*, 104 Mich. 15 (62 N. W. 154), and that in turn upon *Phillips* v. *Stauch*, 20 Mich. 369, and *Hall* v. *Loomis*, 63 Mich. 709 (30 N. W. 374), all of which were cases where the right to specific performance only was denied. See *Walker* v. *Kelly*, 91 Mich. 217 (51 N. W. 934), where specific performance was enforced in a somewhat similar case.

We are unable upon this record to ascertain the situation of the estate, or who is entitled to the homestead or its value, in view of the will that has already been admitted to probate. We therefore direct a decree of cancellation so far as the homestead interest is concerned, only denying relief as to the remainder of the premises. The complainants will recover costs. This is without prejudice to such further proceedings in this court or cause, or any other proper tribunal, if any, by the complainants, as may be proper to determine and enforce their rights to such portion of said homestead interest as they may be entitled to.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.