*In re* HUDSON.

APPEAL OF MORGAN SASH & DOOR CO.

APPEAL OF McDOWELL.

1. APPEAL AND ERROR—RECEIVERS—ACCOUNTING—DESTRUCTION OF RECORDS.

On appeal from final account of receivers, record *held,* too uncertain to permit a proper determination of controversy as to various items, claimed to have been omitted, where some of the records became mildewed and were destroyed by receivers upon advice of counsel.

2. RECEIVERS—DUTY TO REPORT.

It is the duty of a receiver to make full report to the court.

3. SAME—OPPORTUNITY TO INVESTIGATE ACCOUNTS.

Creditors are entitled to a reasonable opportunity to investigate the accuracy of receivers' accounts.

4. APPEAL AND ERROR—TEMPORARY AND PERMANENT RECEIVERS—ACCOUNTS.

Account of temporary receivers is not reviewed on appeal from final account of permanent receivers where some temporary receivers were not made permanent receivers and temporary receivers have long since been discharged and their bond cancelled, different issues being presented and separate proceeding being required to review their account.

5. RECEIVERS — ATTORNEYS' FEES—FINAL ACCOUNT — REMAND FOR FURTHER PROCEEDINGS.

Matter of attorney fees for receiver's attorney is remanded to the circuit court for further and final consideration where case is remanded and creditors granted permission to audit books and definitely to present objections to final account and have hearing thereon.

Appeal from Wayne; Campbell (Allan), J. Submitted January 8, 1937. (Docket No. 66, Calendar No. 39,029.) Decided March 1, 1937.

On petition of William R. Hudson and others, directors, receivers were appointed for Hudson Lumber Company. On petitions for allowance of final account of receiver and payment of receivership fees, etc. From decree entered, Morgan Sash & Door Company, other creditors and William S. McDowell, attorney for receiver, appeal. Reversed.

*Edmund M. Sloman* (*Samuel Shimans,* of counsel), for appellant creditors.

*William S. McDowell,* for receivers.

*Raymond W. LaBar,* for appellant McDowell.

FEAD, C. J. This is appeal from allowance of the final account of receivers appointed in 1921.

A prior account was approved, *In re Hudson,* 258 Mich. 176, and the order of approval was held *res judicata* as to matters contained in the account, *In re Hudson,* 266 Mich. 274.

The receivers say that because the receivership was inactive for several years they stored their books in a basement, where they mildewed, and, after allowance of the prior account and on advice of counsel, they destroyed the books. The action and advice were unfortunate. In connection with the final account they produced a cash book and other data. The attorney for the creditors claims that the existing records show items which do not appear in any accounts made by the receivers to the court and asked that the receivers be charged therewith. Counsel for the receivers claims that all items were included in the accounts but the showing thereon is not conclusive. The court expressed dissatisfaction with the receivership and accounts but felt that items challenged by creditors were too old for satisfactory proof or explanation. The record before us is too uncertain to permit a proper determination of the controversy.

The attorney for the creditors requested, but was denied, permission to have an audit made of the books in order to show items missing from the receivers' accounts. We appreciate the fact that proof of the validity of ancient items may be difficult and in some cases impossible, but it is the clear duty of a receiver to make full report to the court. The creditors are entitled to a reasonable opportunity to investigate the accuracy of the receivers' accounts. Under the circumstances, we think that the

only method of making a fair determination of the controversy is to permit the creditors to make an audit of the books and then to present to the court definite and specific items which they may claim have not been included in the allowed accounts and to have hearing thereon.

The creditors also attack the account of the temporary receivers, who long ago were discharged, whose bonds were cancelled, and some of whom were not made permanent receivers. The accounts of the temporary receivership would present different issues and require a separate proceeding.

The order approving the account will be set aside and the cause will be remanded to the circuit court in chancery, with directions to permit the creditors to make an audit of the books, to present their objections to the account definitely, and for hearing thereon.

The attorney for the receivers appeals from allowance of attorney fees. In view of the fact that further services of an attorney will be necessary, the matter of such fees is also remanded to the circuit court for further and final consideration.

Costs will abide the outcome of the accounting.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER and CHANDLER, JJ., concurred.