*In re* HUDSON LUMBER COMPANY.

APPEAL OF AMERICAN HARDWOOD FLOORING COMPANY.

1. JUDGES—IMPARTIALITY.
   Every citizen has a right to be tried before free, impartial and independent judges.

2. SAME—DISQUALIFICATION.
   Disqualification of trial judge who first stated he believed he would not be an impartial judge because of longstanding personal acquaintance with one of the litigants was not removed by his subsequent determination that he was not disqualified (3 Comp. Laws 1929, § 13999).

3. JUDGMENT—DISQUALIFICATION OF JUDGE.
   Orders entered by a circuit judge while disqualified to act are void notwithstanding they make no determination of law or fact (3 Comp. Laws 1929, § 13999).

4. SAME—DISQUALIFICATION OF JUDGE—APPEAL—TRANSFER OF CAUSE.
   Orders granting rehearings, entered by a circuit judge while disqualified to act, are appealable despite statutory provisions

available for transferring the cause since the motions and hearings thereon upon which orders were founded constitute a ''proceeding'' as term is used in statute relating to transfer of cause (3 Comp. Laws 1929, § 13999).

Appeal from Wayne; Murphy (George B.), J. Submitted January 13, 1942. (Docket No. 50, Calendar No. 41,796.) Decided March 17, 1942.

In the matter of the receivership of the Hudson Lumber Company. On petition for allowance of final account of receiver and payment of receivership fees, et cetera. From orders vacating a decree the American Hardwood Flooring Company and other creditors appeal. Reversed.

*Edmund M. Sloman,* for appellants.

*William S. McDowell,* for the permanent receivers.

*Herbert C. Munro,* for Wm. R. Hudson, individually and as receiver.

CHANDLER, C. J. Matters relating to the receivership of the Hudson Lumber Company have been before this court in *Re Hudson,* 258 Mich. 176; *Re Hudson,* 266 Mich. 274; and *Re Hudson,* 278 Mich. 699.

On November 29, 1940, the Honorable Frank Day Smith, one of the circuit judges in and for the county of Wayne, entered a decree in this cause whereby he made certain findings of fact and surcharged the receivers upon hearing on their final account in a sum in excess of $34,000. On December 18, 1940, three motions for rehearing were filed, one by William S. McDowell as attorney for the permanent receivers; one by Raymond W. LaBar as attorney

for William S. McDowell, counsel for the permanent receivers; and one by William R. Hudson personally and as one of the receivers.

The first two motions were noticed for hearing before Judge Smith on December 27, 1940, and were denied by an order entered by him on December 31, 1940. The third motion mentioned was noticed for hearing before the presiding judge on January 10, 1941, subsequent to the expiration of the term of office of Judge Smith, and the same was assigned for hearing before Judge George B. Murphy, the successor in office to Judge Smith. When said motion came on for hearing, Judge Murphy stated:

"*The Court:* The court is a personal friend of William R. Hudson. I have known him personally for over 20 years, and knew him when he was one of the principal stockholders and assistant manager of Hudson Lumber Company. I knew his brother, Ben, well. Mr. Hudson visits my home and I often visit his. For that reason—this case has been through the courts for the last 20 years—I don't believe I would be an impartial judge, because I have known William Hudson all those years very favorably. I would rather have somebody else sit in that case. I have often heard him talk about the case, although nothing about the real details of it, but it was in and out of the Supreme Court for so many years, so I would have to refer this case to the presiding judge.

"*Mr. Munro:* I see.

"*The Court:* I don't see how I could act in the case.

"*Mr. McDowell:* I can understand it. I appreciate it, your honor.

"*Mr. Sloman:* May we have the praecipe in that matter then?

"*Mr. Munro:* I wish Judge Smith had as good an opinion of Mr. Hudson as you have.

"*Mr. McDowell:* He was biased in his opinion and didn't listen to the facts."

The settled record recites the following facts as having thereafter transpired:

"The Honorable George B. Murphy thereupon handed the motion praecipe to one of the attorneys and directed them to advise the presiding judge of the facts and that they request him to assign said motion to some other circuit judge to hear.

"Thereupon Edmund M. Sloman, Herbert C. Munro and William S. McDowell, attorneys, went to the court room of the presiding judge, the Honorable Ira W. Jayne, and advised him as to what had taken place in Judge Murphy's court; thereupon the presiding judge advised counsel that under the local rule then in effect, he would have to refer the matter back to Judge Murphy, who could, if he saw fit to do so, arrange with another circuit judge to hear the matter; he stated that he would speak to Judge Murphy and acquaint him with the procedure, and advised him that unless he found himself disqualified he could proceed with the same.

"Counsel thereupon returned to Judge Murphy's court room and advised said circuit judge as to the statement of the presiding judge, whereupon the court advised counsel that the matter would have to be held in abeyance until he could talk with Judge Jayne to determine how the matter could be handled.

"That thereupon, on the 17th day of January, 1941, said William R. Hudson and S. Seymour Rutherford, permanent receivers, by William S. McDowell, their attorney, filed in said cause a motion to vacate the original order of December 31, 1940, noticing said motion for hearing before the Honorable George B. Murphy on the morning of January 20, 1941. That on January 20, 1941, said William S. McDowell, Herbert C. Munro and Edmund M. Sloman appeared before said court. That when said motion was reached, the said

Edmund M. Sloman, on behalf of all objecting creditors, objected to the hearing of said motion by said circuit judge, presenting and filing in open court an affidavit of prejudice; that said affidavit of prejudice was duly considered by said circuit judge, who thereupon determined that he was not prejudiced, and that in his opinion he could fairly and impartially hear and dispose of the motion, and directed counsel to proceed with their arguments. That at the conclusion of the arguments the said circuit judge signed an order vacating the order of the Hon. Frank Day Smith, circuit judge, signed and filed on December 31, 1940, denying a rehearing in said cause, and further ordered that all motions for rehearing, modification of decree, et cetera, filed in December, 1940, be set down for joint hearing at as early a date as the convenience of the court would permit.''

The various motions for rehearing came on for hearing before Judge Murphy on February 4, 1941, and on June 19, 1941, he entered an order granting a rehearing on various phases of the receivers' account. This appeal is taken by the objecting creditors from the order so entered and from the order of January 20, 1941, vacating Judge Smith's order of December 31, 1940.

Appellants contend that Judge Murphy was disqualified to hear the various petitions and grant a rehearing by reason of 3 Comp. Laws 1929, § 13999 (Stat. Ann. § 27.643), which provides:

''Whenever any civil suit or proceeding shall be pending in any circuit court in this State, either on the law or equity side of said court, in which the judge of said court shall be interested as a party, or as a member of any corporation which is a party to said suit, or has heretofore been consulted or employed as counsel in the subject matter to be liti-

gated in said suit, or in which for any other reason he would be excluded from sitting as judge at the trial thereof the same may be transferred to some other circuit court in the manner hereinafter provided, or the judge of the circuit court in which suit is pending may call in any other judge not disqualified to sit in such cause."

In *Hall* v. *Thayer*, 105 Mass. 219 (7 Am. Rep. 513), it is said:

" 'The right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit,' rests upon a principle so obviously just, and so necessary for the protection of the citizen against injustice, that no argument is necessary to sustain it, but it must be accepted as an elementary truth."

Similar judicial expression of the prerogative of litigants to have their rights heard and determined by an impartial tribunal, free from bias, prejudice and interest, are to be found pervading the opinions of all courts where the issue has been raised. It is a principle so elementary in nature that the application thereof is not open to question.

Here, Judge Murphy clearly confessed that he did not feel impartial and unbiased because of his long standing acquaintance with Mr. Hudson. He admitted his disqualification to sit in the case, which, in our opinion, was not removed by his subsequent determination that he was not disqualified. The extreme importance of the underlying issue to the administration of justice should prevent parties from being required to submit the determination of their rights to a judge who has previously confessed his disqualification to hear the issues involved.

Appellees argue that appellants should have pursued the remedy provided by statute for the transfer

of the cause to some other judge. · See 3 Comp.
Laws 1929, § 13999 *et seq.* (Stat. Ann. § 27.643 *et
seq.*). Also, that the orders of Judge Murphy should
stand because they make no determination of an
issue of law or fact.

The orders so entered by Judge Murphy, while
disqualified to act, were void (*Horton* v. *Howard,*
79 Mich. 642 [19 ˙Am. St. Rep. 198]; *Sandusky
Grain Co.* v. *Sanilac Circuit Judge,* 184 Mich. 126),
and, in our opinion, appealable, despite the statu-
tory provisions which were available to transfer the
cause.   Furthermore, the motions and hearings
thereon, upon which the orders attacked were
founded, constituted a ''proceeding'' within the
meaning of that term as used in 3 Comp. Laws 1929,
§ 13999 (Stat. ˙Ann. § 27.643).   See *Kittridge* v.
*Washtenaw Circuit Judge,* 80 Mich. 200.   It thus
would appear immaterial whether or not findings of
fact and law were made by the court.

In view of the foregoing, the orders entered by
Judge Murphy are hereby vacated, cancelled and
held for naught, with costs to appellants.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and
SHARPE, JJ., concurred.   WIEST, J., did not sit.