BRILL v BRILL

1. DEEDS—REAL PROPERTY—TIME OF CONVEYANCE—GRANTORS—
   GRANTEES—UNILATERAL CHANGE IN DEED.

   A deed speaks as of the time of the conveyance by the grantor
   and a subsequent change in the designation of a grantee made
   unilaterally by the grantee cannot change the effect of the
   deed.

2. QUIETING TITLE—DEEDS—REAL PROPERTY—SUBSEQUENT AGREE-
   MENTS—CONVEYANCE OF INTEREST IN LAND.

   A finding that a plaintiff's complaint in a suit to quiet title stated
   no cause of action was proper where the deed clearly conveyed
   the property to the defendant and the plaintiff failed to show
   any subsequent agreement between the parties to convey any
   interest from the defendant to the plaintiff.

3. APPEAL AND ERROR—PLEADING—AMENDMENT OF PLEADINGS—FUR-
   THERANCE OF JUSTICE—COURT RULES.

   The Court of Appeals should grant the parties to an action an
   opportunity to amend their pleadings to seek appropriate spe-
   cific relief where it appears that to do so may well further the
   administration of justice by avoiding future litigation between
   the parties (GCR 1963, 820.1).

4. TRIAL—ADMISSIONS OF PARTIES—REQUEST FOR ADMISSIONS—JUDGE'S
   DISCRETION—COURT RULES.

   A trial court has the discretion to allow a party to withdraw his
   admissions for good cause at any time; therefore, a court did
   not abuse its discretion where it denied a plaintiff's motion for
   summary judgment based upon the defendant's failure to an-

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Deeds § 311.
[2] 65 Am Jur 2d, Quieting Title § 65.
[3] 5 Am Jur 2d, Appeal and Error § 730.
[4] 73 Am Jur 2d, Summary Judgment §§ 20, 22.
[5] 46 Am Jur 2d, Judges § 202.
   Time for asserting disqualification of judge, and waiver of disqualifi-
   cation. 73 ALR2d 1238.

swer requests for admissions within a specified time period (GCR 1963, 312.2).

5. JUDGES—DISQUALIFICATION OF JUDGES—MOTION FOR NEW TRIAL—COURT RULES.

A party who claims that a trial judge should be disqualified must timely raise his objections during the trial or by way of a motion for a new trial (GCR 1963, 405, 527).

Appeal from Emmet, Martin B. Breighner, J. Submitted April 14, 1977, at Grand Rapids. (Docket No. 28636.) Decided May 17, 1977.

Complaint by Edward A. Brill against Henry G. Brill and Josie V. Brill to quiet title. Judgment for defendants. Plaintiff appeals. Affirmed, but remanded for further proceedings.

*Richard H. Scholl,* for plaintiff.

*Homer Arnett,* for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and R. E. A. BOYLE,* JJ.

D. E. HOLBROOK, P. J. Plaintiff Edward [E. A.] Brill brought this action on June 18, 1975, seeking to quiet title to property known as the Hartman Farm. Plaintiff and defendant, Henry Brill, are brothers. On April 29, 1976, the court entered a judgment of no cause of action. Plaintiff appeals as of right.

In 1963 plaintiff and defendant discussed purchase of property known as the Hartman Farm. The purchase price was to be $12,600. Also in that year defendant sent plaintiff a check in the amount of $3,150. In 1965 plaintiff sent defendant a check in the amount of $2,858.40. The checks themselves do not indicate what they were given

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in payment for. In 1965 a deed was recorded which indicated title was given to "Henry Brill or E. A. Brill". However, the deed originally read "Henry Brill in care of E. A. Brill". It was undisputed that this change was made unilaterally by Edward. In 1971 Henry "realized" his name was on the deed and Henry then wrote the county treasurer seeking to pay taxes on the Hartman Farm. Also in 1971 Henry brought an action against Edward claiming title to property known as the Eby Farm.

At trial Henry testified that tax considerations resulted in the unusual manner of purchase of the property. He understood the purchase to be such that Edward would pay for the farm and work the farm, but that ownership would be in Henry. Henry testified that Edward asked for $3,150 in 1963 and Henry assumed this was for the farm. However, he was not sure if this was so. The 1965 check from Edward to Henry was, according to Henry, payment of profits from cattle and for rent.

Edward revealed a completely different story. Edward indicated that he and Henry discussed purchasing this property as joint owners. Edward paid the full purchase price and Henry was to pay half. Initially Henry did pay $3,150, however, Edward indicated that in 1965 Henry wanted out, so Edward paid him $2,858.40, which represented the $3,150 minus Henry's share of the hospital expenses of their father. As further proof, Edward pointed out that since 1963 he has been continuously in possession of the property, has paid all taxes and has expended great time and effort improving the property.

While finding no cause of action the court necessarily found that the deed conveyed the property to "Henry Brill, in care of E. A. Brill". At the time of recording the deed was changed by Edward to

read "Henry or E. A. Brill". The deed obviously speaks as of the time of the conveyance by the grantor and Edward's unilateral action cannot change the effect of the deed. *Kirby v Meyering Land Co,* 260 Mich 156, 168; 244 NW 433 (1932), *Young v Young,* 157 Mich 80, 83; 121 NW 264 (1909). The court, after finding that the deed did not transfer any interest to Edward, found that there was no subsequent agreement to convey any interest from Henry to Edward. Thereafter the court properly entered a judgment finding no cause of action as to plaintiff's claim seeking by his complaint to "release to the plaintiff all claims to the property in question; or, in the alternative, that this court grant such orders as will clear and quiet plaintiff's title thereto". We affirm the trial court's finding that plaintiff's complaint stated no cause of action because plaintiff failed to show any subsequent agreement between the parties to that effect.

The trial court determined that there was only one issue before it. At the beginning of trial the court indicated:

"Again, counsel, I think we should be clear as to where we are headed. The Court understands, again, that the issue before the Court is whether or not an oral contract was made to convey the Hartman farm from the one Brill to the other. If the Court should find that such oral agreement did not exist, then the Court believes that would be the termination of the litigation."

The court found the only issue was whether there was an agreement to convey Henry's interest in the Hartman Farm to Edward. We still have no idea what the initial arrangement was between the brothers. Edward apparently paid the pur-

chase price of approximately $12,600. Edward maintains that Henry now has no money invested in the property, while Henry's version might support a finding of an investment of approximately $3,150. We do not know if the initial agreement provided for investment by Henry and if not, why Henry was to get this property. Additionally, it is undisputed that Edward has had the benefit of the use of the farm and received at least most of the profits from it. Edward, however, has paid taxes and made improvements on the property. The pleadings herein did not specifically seek additional relief. However, in the interest of justice we feel the parties should be given an opportunity to amend their pleadings to seek whatever relief is appropriate. GCR 1963, 118.3, *Walters v Sargent,* 46 Mich App 379, 384; 208 NW2d 207 (1973). We affirm the trial court's finding that there was no agreement between Henry and Edward to subsequently convey Henry's interest to Edward. However, we grant both parties an opportunity to amend their pleadings. GCR 1963, 820.1, *Stratton v Jensen,* 64 Mich App 602; 236 NW2d 527 (1975), *Hays v Regents of the University of Michigan,* 53 Mich App 605; 220 NW2d 91 (1974). Such relief may well further the administration of justice by avoiding future litigation between these parties. See *City of Berkley v Holmes,* 34 Mich App 417; 191 NW2d 561 (1971).

Plaintiff additionally maintains that the trial court erred by failing to grant his motion for summary judgment. Plaintiff contends that requests for admissions were not answered within the time period specified and that, therefore, there was no question of fact to be determined. We note that the trial court has the discretion to allow defendant to withdraw his admissions for good

cause at any time. GCR 1963, 312.2. See *Woodrow v Johns,* 61 Mich App 255, 262 n 6; 232 NW2d 688 (1975). We find a proper exercise of that discretion. See *Spalding v Spalding,* 355 Mich 382, 384–385; 94 NW2d 810 (1959).

Plaintiff also makes a very serious allegation regarding the possible disqualification of the trial judge. Plaintiff alleges at least that there was a violation of GCR 1963, 405.1(5). The record does not reveal whether plaintiff's allegations are true. Numerous factual issues must be resolved. Was there a violation of GCR 1963, 405.1(5)? If there was a violation of the court rule, did plaintiff waive such violation by failing to timely raise his objection? See *Armstrong v City of Ann Arbor,* 58 Mich App 359, 369; 227 NW2d 343 (1975). Was the nature of the basis for disqualification so serious as to render action by the trial court void, not voidable? See *In re Hudson Lumber Co,* 301 Mich 77; 3 NW2d 17 (1942), *Sandusky Grain Co v Sanilac Circuit Judge,* 184 Mich 126; 150 NW 329 (1915). Plaintiff must raise such matters by way of motion for new trial. GCR 1963, 527.

We affirm the trial court's finding that there was no subsequent agreement to convey any interest from Henry to Edward. Pursuant to our power under GCR 1963, 820.1, we remand to allow the parties reasonable time to seek additional equitable relief as justice demands. We grant the parties 60 days to amend their pleadings if they so desire.

Affirmed and remanded for further proceedings in accordance with this opinion.